## N. M. NEWTON v. A. GANSS & CO.

### No. 710.

1. **False Representations as to Value.**—If a statement as to value is merely the expression of the opinion of the party making it, he is not held liable if his opinion is erroneous. But if the statement is the affirmance of an existing fact, material to the transaction, and made under such circumstances that the other party may reasonably treat it as a fact, and act upon it as such, then the statement clearly becomes an affirmation of fact, and may be fraudulent, justifying a rescission of the contract by the party deceived by such statement.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERTSON.

The opinion sufficiently states the facts.

*J. L. Peeler*, for appellant.—1. It is a principle of law, as old as the jurisprudence of this country, that the statements of a vendor as to the value of either real or personal property, or the price which has been given or offered for it, should not be relied on, and any purchaser who believes such statements to be true is considered too careless of his own interest to be entitled to relief. Jackson v. Stockbridge, 29 Texas, 394; Mooney v. Miller, 102 Mass., 220; Holbrook v. Connor, 60 Me., 580; Osmer v. Perkins, 124 Mass., 431; Merwin v. Arbuckle, 81 Ill., 502; Willard v. Randall, 65 Me., 81; Cooper v. Lovering, 106 Mass., 79; Bishop v. Small, 63 Me., 13; Benj. on Sales, sec. 430.

2. The measure of damages in this case is the difference between the contract price and the market value of the land at the time of the

breach.   Kempner v. Heidenheimer, 65 Texas, 591; Goff v. Jones, 70 Texas, 577; Welden v. Meat Co., 65 Texas, 487; White v. Land and Cattle Co., 75 Texas, 465; Griswold v. Sabin, 12 Am. Rep., 76; 51 N. H., 167; Railway v. Evans, 6 Gray, 25; 5 Am. and Eng. Encyc. of Law, p. 28; Sedg. on Dam., p. 385.

*Walton, Hill & Walton,* for appellees.—1. Representations as to material facts when knowledge is possessed by the party, and are false and known to be false, believed by another party who has not knowledge, and acted on by him, such believing party can take advantage of the false representations, and avoid a contract based on the truth thereof.   Merrill v. Taylor, 72 Texas, 295, 296; Watson v. Baker, 71 Texas, 751; Carson v. Kelley & Sweatt, 57 Texas, 382; Stacy v. Ross, 27 Texas, 5; 1 Ct. App. C. C., secs. 3, 1289.

2.  The measure of damages in this case is the difference between the value of the land (with the title and possession of which appellant never parted) at the date of contract and the date of the breach. White v. Land Co., 75 Texas, 468; Goff v. Jones, 70 Texas, 577; Kempner v. Heidenheimer, 65 Texas, 591, 592; 1 Suth. on Dam., 17, 18, et seq.; Sedg. on Dam., 368–382.

FISHER, CHIEF JUSTICE.—The appellant, plaintiff below, instituted this suit against the appellees, defendants below, in the District Court of Travis County, Fifty-third Judicial District, on the 17th day of October, 1891, to recover $4000, alleging, in substance, that on the 23rd of September, 1891, his wife owned eighty acres of land near Georgetown, Texas, and the defendants a stock of furniture, carpets, and musical instruments, situated in Austin, Texas; that on the 23rd of September, 1891, his wife entered into a written contract, he joining her in it, with defendants, wherein she agreed to trade them the land at a stipulated price of $100 per acre, or $8000 without survey, for their stock of goods, and that they jointly and severally signed said contract and agreed to make the trade; that on the 26th of September, 1891, the defendants, without any excuse, backed out and refused to make said trade; that at the time of such breach the market value of the land was $4000, and the stock of goods $8000; that, had defendants made said trade, his wife would have realized and cleared thereby $4000, the same being the difference between the contract price and the market value of the land; and for this difference appellant sues.

On the 5th of January, 1892, the appellees filed an answer, consisting of general and special exceptions, general denial, and specially alleging that the defendant, C. L. Ganss, was the wife of A. Ganss, and that they constituted the firm of A. Ganss & Co.; that she accompanied plaintiff to Georgetown to look at the land, and represented

herself and husband in the trade, he being a German and imperfectly understanding and speaking the English language; that they were ignorant of land value, particularly at Georgetown, where they were strangers; that plaintiff represented to them the land was well worth the cash market value of $100 per acre, and could be sold for this amount, which representations, he acting as the agent of his wife, were knowingly and willfully false and fraudulent, and made with the intent of swindling and defrauding them; that the market value of the land did not exceed $35 per acre, but they, being ignorant of this fact, and relying upon and believing such representations to be true, signed the contract and agreed to make said trade, but would not have done so had they known the real value of the land.

C. L. Ganss filed a plea of coverture, and she and her codefendant a cross-action against plaintiff to recover $500, on account of his fraudulent representations and for bringing this suit, $250 of which were for attorney's fees, and the balance as punitory damages.

On the 27th of April, 1892, plaintiff filed a first supplemental petition, consisting of general and special exceptions, general denial, and specially alleging, that long prior to and at the execution of the contract, the defendant C. L. Ganss had been and was a remarkably intelligent lady, and a dealer in and a good judge of the value of real estate; that she had always been the manager of the firm of A. Ganss & Co., bought all goods, and borrowed all the money for the firm, controlled its assets, and did just as she pleased. Plaintiff prayed, in event it was shown that C. L. Ganss was a married woman, that he have judgment against the defendant A. Ganss for the full amount sued for.

No action was taken on the demurrers of either the plaintiff or defendants. The case was tried without a jury on the 20th of June, 1892, and judgment rendered in favor of the defendants.

*Opinion.*—The record contains the findings of fact by the court below, which this court adopts as its conclusions of fact. These findings in part are to the effect that the appellant, as an inducement to the exchange of properties, knowingly and falsely represented to the appellees that the land that he proposed to sell them was of considerably more value than it really was, and that the appellees relied upon these representations and believed them true when the contract was entered into, and that they at the time were ignorant of its true value. This finding, we think, is warranted by the evidence.

The question of law that springs from this finding is, is a false representation as to value simply an expression of opinion, for which equity will not grant relief, or may it be so made under circumstances as to constitute the affirmation of a fact for which, if false, equity will grant relief to the party to whom made, and who relies upon it?

If the statement as to value was simply the mere expression of the opinion of the party making it, he is not held to the consequence of liability if his opinion is erroneous or untrue. But, as said by an eminent author, if the statement is not the mere expression of his own opinion, but is the affirmation of an existing fact material to the transaction and made under such circumstances that the other party may reasonably treat it as a fact and rely and act upon it as such, then the statement clearly becomes an affirmation of fact, within the meaning of the general rule, and may be a fraudulent representation. 2 Pom. Eq., sec. 878.

There can be no question under the facts that the value of the land sought to be exchanged by appellant for the property of appellees was considered as an important and material inducement to the contemplated trade.

The evidence shows, that the property that the appellees agreed to exchange for the land was worth at least $8000, and that the land was not worth exceeding $4000. The appellant represented its value to be $100 an acre, or the gross sum of $8000.

We think the principle of law stated finds a just application to the facts of this case, and, so holding, we affirm the judgment of the court below.

On the question presented in appellees' cross-assignment of error, we agree with the court below.

The judgment is affirmed.

*Affirmed.*

Delivered April 11, 1894.