R. P. Smith v. Pecos Valley and Northeastern Railway Company
et al.

Decided May 12, 1906.

**1.—Appeal—Absence of Statement of Facts.**

In the absence of a statement of facts in cases where the judgment is authorized by the pleadings, the ruling of the court upon special exceptions, in giving and refusing charges and in receiving or excluding evidence will not be reviewed.

**2.—Same—Diligence.**

The failure or refusal of an official stenographer to prepare and file upon request of either party a transcript of the testimony on the trial, would be cause for reversal upon a proper showing; but before such sequence would follow it must be made to appear that the complainant was not himself guilty of negligence in failing to compel the clerk by mandamus to perform his duty, or failing in this, to have secured and filed a statement of facts in the usual form.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. Ira Webster.

*L. C. Barrett* and *John P. Stayton,* for appellant.

*J. W. Terry* and *Madden & Trulove,* for appellees.

CONNER, Chief Justice.—Appellant instituted this suit in the District Court of Deaf Smith County, Texas, on the 20th day of March,

1905, against the Pecos Valley and Northeastern Railway Company, incorporated under the laws of the Territory of New Mexico, and the Pecos and Northern Railway Company, a Texas corporation, to recover damages for personal injuries alleged to have been negligently inflicted upon him by the servants and employes of the first named company on January 17, 1905, in Portales, New Mexico.

Appellant alleged that he was a citizen of New Mexico, and appellees among other things pleaded in bar the general denial and specially a law of the Territory mentioned inhibiting suits of the class under consideration beyond its territorial limits. The court overruled special exceptions to this answer and the principal assignments of error combat these rulings, the contention most urgently pressed upon us being that such law can have no extra territorial force. The law as pleaded herein and a discussion of one of its sections not involved in this suit, may be found in the case of Buttron v. El Paso & N. E. Ry. Co., 15 Texas Ct. Rep., 339, but we find that we can not consider the assignments relating to this subject.

There is included in the transcript what purports to be a statement of facts, but it was filed nearly three months after the time it should have been filed and hence we can not consider it. By supplemental transcript there is also shown what purports to be an "agreed statement of facts." But this, too, we must decline to consider because it is without the approval of the trial judge. (Graves v. George, 54 S. W. Rep., 262.) It is now well settled that in the absence of a statement of facts and in cases where the judgment is authorized by the pleadings, the action of the court in its ruling upon special exceptions, in giving or refusing charges, and in receiving or excluding evidence, will not be reviewed. These conclusions dispose of all assignments save the last, which is as follows: "The official stenographer and lower court erred in the lower court in not filing his said stenographer's report of the evidence taken by said stenographer in short hand in the court below on request of appellant."

The record shows that the judgment below was rendered on the 25th day of August, 1905; that on August 28 the motion for new trial was presented and overruled, and an order of the court entered allowing the parties to file a statement of facts within twenty days after adjournment of the term, which occurred on September 2, 1905. The appeal was perfected on September 21 by filing an approved appeal bond. It further appears from affidavits of appellant's attorney and others, filed before us that in the District Court on the trial one John R. Bell was the official stenographer; that he made stenographic notes of the evidence and proceedings in this case; that upon the day of the trial and many times thereafter appellant's attorney requested said stenographer to make out and furnish a transcript of all such evidence and proceedings, offering to pay the legal fees therefor; that such stenographer abandoned the district and wholly failed to do as requested. We quote the following from the affidavit of appellant's attorney: "That on the same day after said cause was tried, and after the rendition of said judgment, I requested, as counsel for appellant, John Bell, who was then and there the official stenographer who took down the evidence in short hand on said trial, that he would make out and file in the court below his report typewritten, and told him his fees were ready. And he then and there

promised to comply with said request. That afterwards on or about the 28th or 29th days of August, 1905, I made said request again, and he again made the same promise that he would file the same. That again on or about the 5th, 7th, 9th, 14th, 16th, 22d, 29th and 30th days of September, 1905, I made the same request and urged the said John Bell, stenographer as aforesaid, to make out and file said report, offering to pay him his fees for same, which he refused, but promised me that he would make out said report at once and file same, that he had it almost completed on last said date; that on or about the 5th day of November, the last time I saw or have seen said Bell I asked and urged him to make out said report and he said that he would do so at once as he had it completed and would give it to the Hon. Ira Webster, the district judge who presided at the time of said trial; that I believed and relied upon the promises of the said Bell to make out and file said report, but he failed to do so, and failed to make the same out or to typewrite the same, or to give the same to said presiding judge; that about the 15th day of November, 1905, I learned that said Bell had left the State and would not return, and that he was then in Old Mexico."

We regard this showing as altogether insufficient to require of us a reversal of the judgment. The Act of the Twenty-ninth Legislature (see Laws 1905, 219) confers upon litigants the right to receive what was sought in this case, and upon a proper showing a judgment would doubtless be reversed where the losing party has been denied such right. But before any such consequence should be visited upon the successful party, we think it should at least be made to appear that the complainant exercised reasonable diligence to avail himself of the privilege given by the Act. The act of the stenographer in making a transcript of his notes is evidently ministerial, and appellant makes no effort to show why he did not by mandamus or other proper proceeding in the court below undertake to compel compliance with his request. The Act, when considered with other laws relating to the subject, contemplates that the stenographer's transcript shall be made out and filed within the time allowed for filing statements of fact, and the failure of the stenographer in question as shown by the affidavits, in legal effect, amounted to a refusal to perform a plain ministerial duty within the proper time, and appellant should have sought enforced performance by seasonable application to the court, or failing in this, have secured and caused to be filed a statement of facts in the usual form, which, so far as we can see from the record, would have been allsufficient in the present case.

It is ordered that all assignments be overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.