## CONNALLY & SHAW v. SAUNDERS.

(Court of Civil Appeals of Texas. Amarillo.
Nov. 25, 1911. Rehearing Denied
Dec. 29, 1911.)[1]

1. PLEADING (§ 248*)—AMENDMENT—PETITION—NEW CAUSE OF ACTION.

A petition may be amended so as to set up a new cause of action from that alleged in the original petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

2. PLEADING (§ 239*)—AMENDMENT—COSTS.

The right to amend a petition so as to set up a new cause of action carries with it the payment of all costs up to the time of the amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 630–634; Dec. Dig. § 239.*]

3. APPEAL AND ERROR (§ 564*)—RECORD—STATEMENT OF FACTS—TIME OF FILING.

A statement of facts not filed within the time required by statute may not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

4. JUDGMENT (§ 252*) — CONFORMITY TO PLEADINGS—PRAYER FOR RELIEF.

Where the petition in an action based on a contract only asked for damages for its breach, and did not specifically ask for the rescission and cancellation of the contract, or contain a prayer for general relief, only the relief by way of damages asked for may be granted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

5. FRAUD (§ 59*) — REMOTENESS — FRAUDULENT REPRESENTATIONS.

Defendants falsely represented to plaintiff, who was in the restaurant business, that the business of selling crude oil burners was legitimate, and that responsible business men were making large amounts of money out of it all over the country, and that plaintiff could do likewise, and by such representations induced him to sell his restaurant business, which was worth $1,000 for $351, and to purchase from defendants a right to sell the burners, which business was in fact practically worthless. *Held*, that plaintiff could recover as damages proximately resulting from defendants' fraudulent misrepresentations the full value of his

[1] Filed in the Court of Civil Appeals at Ft. Worth February 18, 1911, and transferred to this court by order of the Supreme Court of Texas July 1, 1911.

restaurant business, and not merely $351 which he received therefor, and paid to defendants.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

Appeal from District Court, Donley County; J. N. Browning, Judge.

Action by J. H. Saunders against Connally & Shaw. From a judgment for plaintiff, defendants appeal. Affirmed.

A. T. Cole, for appellants. Stovall Johnson, for appellee.

HALL, J. Appellee, Saunders, filed this suit in the district court of Donley county, and by his second amended original petition it would seem that he intended to ask for the rescission of a contract for the sale of what is termed "a crude oil burner agency contract," and to recover $351.50 paid thereon by reason of the breach of said contract on the part of appellants in failing to deliver said agency contract, and also for damages for fraud and deceit.

Appellants' proposition under the first assignment of error is: "Where an amended petition sets up a cause of action differing materially from that stated in the original petition, it should be abated." We do not understand this to be the rule, unless the statute of limitations bars the right to recover upon a new cause of action set up in the amendment. E. L. & R. R. Ry. Co. v. Scott, 75 Tex. 84, 12 S. W. 995; Howard v. Windom, 86 Tex. 560, 26 S. W. 483; Littlefield v. Fry, 39 Tex. 303.

[1] Under our liberal system of pleading and practice, a petition may be so changed by amendment as to set up an entirely new cause of action. Wiebusch v. Taylor, 64 Tex. 53; Irvine v. Bastrop, 32 Tex. 485; McLane v. Belvin, 47 Tex. 502; Reed v. Harris, 37 Tex. 168; Beal v. Alexander, 6 Tex. 531; Carter v. Reynolds, 6 Tex. 561.

[2] This right, however, is burdened with the liability for the payment of all costs up to the time of the amendment. Woods v. Huffman, 64 Tex. 98.

[3] The statement of facts was not filed within the time required by the statute, and for that reason cannot be considered. Folts v. Ferguson, 24 S. W. 657; Smith v. Pecos, etc., Ry. Co., 43 Tex. Civ. App. 204, 95 S. W. 11; Matthews v. Boydstun, 31 S. W. 814. In the absence of a properly filed statement of facts, we cannot review the action of the trial court in ruling upon appellants' special exception. C., R. I. & G. Ry. Co. v. Barrett, 45 Tex. Civ. App. 73, 100 S. W. 800. By general demurrer to the second amended original petition upon which plaintiff went to trial, appellants challenge the sufficiency of the allegations to show jurisdiction in the district court to try said cause, and we are cited to the case of Harmon v. Callahan, 35 S. W. 705, in support of the proposition

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

that allegations as to damages which could not under any evidence be recovered cannot be considered in determining whether the amount in controversy is sufficient to give the court jurisdiction, and in such a case this court should reverse the judgment, though no exceptions were taken to the petition in the lower court. This contention requires of us consideration of the whole case as made by the second amended petition and trial amendment.

Appellee's second amended petition has no prayer for general relief, nor for cancellation of the contract, but asks for a recovery of $351.50, which was paid appellants in cash upon said contract and for damages in the sum of $648.50, being the difference between the first named sum and $1,000, which he alleges was the value of his restaurant business, and also for $50 per month, being the amount of profits which he was making out of the restaurant business at the time he was induced to sell the same by appellants. The substance of appellee's pleading is that appellants conspired to defraud appellee, who was at that time the owner of and conducting a restaurant business in Clarendon, which was reasonably worth $1,000, and from which he was making $50 a month; that they knowingly and fraudulently represented to appellee that there was a perfectly legitimate and lawful enterprise then being engaged in all over the country, commonly known as the crude oil burner business, which was being engaged in by responsible business men, all of whom were making money honestly, and that appellee was foolish not to get out and make a lot of money. He alleges that he relied upon the representations, and by the importunities of appellant Connally was induced to sell his said restaurant for the insignificant sum of $351.50; that Connally, with intent to defraud appellee and to get the proceeds of the sale, procured a purchaser and conducted the negotiations resulting in the sale of the restaurant; that he told appellee that he, appellee, could make large sums of money by engaging in the crude oil burner business; that all of said representations were made for the purpose of defrauding appellee, and induced him to sell the restaurant; and that the proceeds thereof were paid to the appellants. It is charged that the crude oil burner business was practically worthless and known to be so by appellants long before and at the time they made representations to plaintiff to induce him to sell his business; that appellee contracted and agreed with appellants to pay them in addition to the said $351.50, $1,148.50 in notes; that appellants failed to deliver to appellee the agency contract and the agency for selling the agencies for the sale of said crude oil burners. Appellee alleged his willingness to perform his part of said contract, and to execute said notes, but that appellants refused to receive them, and insisted that, in lieu of the notes, appellee pay the balance in property. Appellee also alleged his youth and inexperience and the large business experience and ability of appellants.

[4, 5] In the absence of a prayer for general relief or a specific prayer for rescission and cancellation of the contract between appellants and appellee, the court could consider only the specific relief prayed for. Jordan v. Massey, 134 S. W. 804; Houston v. Emery, 76 Tex. 282, 13 S. W. 264. Appellee had a right of action for the recovery of $351.50 paid for an agency contract which had never been delivered to him, but his right to recover the other two items is not so clear. The substance of his allegations is that appellants, by their false statements that the business was legitimate, and that responsible business men were making money out of it honestly, and that appellee could make large sums of money by embarking into the business, and their fraudulent assurance of his ability to acquire fabulous wealth within a short time by a small investment of cash and energy, created within him that spirit of avarice which prompts mankind to acquire wealth along the line of least resistance to such a degree that he consented to sell a business of the value of $1,000 which was netting him $50 per month for $351.50. He alleges his damages to be that amount, and also the difference between that sum and the value of his business, which difference he alleges to be $648.50. He also sues for the profits he might have made out of the restaurant business since he disposed of it, which he estimates at $50 per month. If either of the two items last named are recoverable upon proper proof, then the district court had jurisdiction of the amount in controversy and the judgment of the lower court must be affirmed, even though it was rendered for only $351.50. Whether or not they were such damages as appellee could maintain an action to recover depends upon the nature of the alleged misrepresentations, and whether or not they were the natural and proximate result of the false representations. In other words, does the relation of a cause and effect exist between the false representations and the damages claimed? Upon the first question, it is said in Newton v. Ganss, 7 Tex. Civ. App. 90, 26 S. W. 81: "Is a false representation as to value merely an expression of opinion for which equity will not grant relief, or may it be so made under circumstances as to constitute the affirmation of a fact for which, if false, equity will grant a relief to the party to whom made and who relies upon it? If the statement as to value was simply a mere expression of the opinion of the party making it, he is not held to the consequence of liability if his opinion is erroneous or untrue, but, as said by an eminent author, if the statement is not the mere expression of his own opinion, but is the affirmation of an existing fact, material to the transaction, and made under such circum-

stances that the other party may reasonably treat it as a fact and rely and act upon it as such, then the statement clearly becomes an affirmation of fact within the meaning of the general rule and may be a fraudulent representation. 2 Pom. Eq. Jur. § 878." The statements made by appellants with reference to the possibilities and probabilities for getting rich quickly by an investment in their scheme were matters (while they seem to be an opinion) peculiarly within their knowledge, and no reasonable degree of diligence on the part of appellee could have enabled him to have learned the facts to have been otherwise, and we think this case comes clearly within the rule announced above. Cole v. Carter, 22 Tex. Civ. App. 457, 54 S. W. 914; Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918. Upon the measure of damages where a sale has been induced by fraud and deceit, our Supreme Court in the case of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, after a lengthy discussion of the various rules applicable to such cases, said: "Where the vendee has been induced by fraud of the vendor to buy when otherwise he would not have bought, the measure of his damages is the difference between the value of the property and the sum paid by him for it. It is the loss which he has sustained, and not the profits which he might have made by the transaction." To the same effect is Williams v. Detroit, etc., Co., 52 Tex. Civ. App. 243, 114 S. W. 167. Instead of selling his restaurant at a sacrifice to a third party and paying appellants the proceeds as has been done in this case, let us suppose that appellee, induced by their fraud, had conveyed it directly to appellants as part consideration for the agency contract and at a valuation of $351.50, and appellants had failed to deliver the agency contract. There would be no doubt of appellee's right to recover possession of the restaurant, unless in the meantime appellants had disposed of it to a bona fide purchaser, in which event he could then recover of appellants its value.

Applying this rule, we think appellee, under the allegations of fraud and misrepresentation, was entitled to recover of appellants, not only the $351.50, but the full value of his restaurant. In inducing appellee to sacrifice his property and in procuring a purchaser therefor and negotiating the sale to a third party for him, in order that they might get the proceeds, appellants occupied no better position than if they had taken the restaurant themselves, and sold it to such third party for the price named. While the act of appellee in consenting to sell his property at a sacrifice may be the more immediate cause of his injury, "yet, if that be an act which was as to him reasonably induced by the prior misconduct of the defendant and without any concurring fault of the sufferer, that mis-

conduct will be treated as the responsible and efficient cause of the damage. Cases of fraud, where by some artifice or false representation the plaintiff has been induced to part with his property or places himself in any predicament by which he suffers loss," come within the rule. Bean v. Wells, 28 Barb. (N. Y.) 466; Sutherland on Dam. (3d Ed.) § 39. The allegations are sufficient to charge that such disposition of the restaurant was a part of the conspiracy and the fraud perpetrated upon him. The agency contract which appellee contracted for is alleged to be worthless, and, when considered with the further allegation that the same has never been delivered to appellee, we think the rule above announced applied with peculiar force. In our opinion, any other measure of damages would be inapplicable and inequitable. Therefore we hold that, if the proof warranted it, appellee was entitled to recover of appellants the full value of his restaurant. We do not pass upon the question of his right to recover profits, it not being necessary to a decision of the case.

We conclude that the court did not err in overruling the general demurrer, and the judgment is therefore affirmed.