BILLINGSLEY v. TEXAS MIDLAND R. R.
(No. 2066.)

(Court of Civil Appeals of Texas. Texarkana.
Jan. 9, 1919.)

1. APPEAL AND ERROR ☞564(5)—STATEMENT OF FACTS—TIME FOR FILING.

Document delivered to clerk of court on appeal will not be considered as a statement of facts, where not filed by plaintiff in error in the court below within 90 days from the date the citation in error was served, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1608, 2073.

2. APPEAL AND ERROR ☞564(5)—ABSENCE OF STATEMENT OF FACTS—EXTENT OF REVIEW.

There being no statement of facts which can be considered as such, the court on appeal cannot determine whether there is merit in complaint that trial court erred in giving and refusing instructions, and judgment will be affirmed, where not attacked on any other ground, there being no error apparent on the face of the record.

Error from District Court, Lamar County; A. P. Dohoney, Judge.

Suit between Ben L. Billingsley and the Texas Midland Railroad. Judgment for the latter, and Billingsley brings error. Affirmed.

B. B. Sturgeon, of Paris, and Carden, Starling, Carden, Hemphill & Wallace, of Dallas, for plaintiff in error.

Moore & Hardison, of Paris, and Coke & Coke and S. W Marshall, all of Dallas, for defendant in error.

WILLSON, C. J. [1, 2] To entitle him to have the document delivered to the clerk of this court December 23, 1918, considered as a statement of facts, plaintiff in error must have filed same in the court below within the time allowed by law for filing the transcript here—that is, he must have filed the document in the trial court within 90 days from August 23, 1918 (the date the citation in error was served), or not later than November 21, 1918. Articles 2073 and 1608, Vernon's Statutes; State v. Lincoln, 147 S. W. 1195; Ry. Co. v. Reek, 179 S. W. 699; McKenzie v. Beason, 140 S. W. 246; Raleigh v. Cook, 60 Tex. 438; Matthews v. Boydstun, 31 S. W. 814; Smith v. Ry. Co., 43 Tex. Civ. App. 204, 95 S. W. 11; Connally v. Saunders, 142 S. W. 975; Folts v. Ferguson, 24 S. W. 657; McGuire v. Newbill, 58 Tex. 314; Ross v. McGowen, 58 Tex. 603; Dennis v. Neal, 71 S. W. 387. As a matter of fact the document was not so filed until December 21, 1918. As, therefore, the document cannot be treated and considered as a statement of facts, this court cannot determine whether there is merit in the complaint made by plaintiff in error that the trial court erred in giving certain instructions and also in refusing to give certain other instructions to the jury. As the judgment is not attacked on any other ground, and is free from error apparent on the face of the record, this court cannot do otherwise than affirm it.

---

FARMER v. McKINLEY et al. (No. 2053.)

(Court of Civil Appeals of Texas. Texarkana.
Jan. 14, 1919. Rehearing Denied Jan.
23, 1919.)

APPEAL AND ERROR ☞395 — FAILURE TO FILE APPEAL BOND—DISMISSAL—STATUTES.

Where appeal bond was not filed in trial court within time allowed by Vernon's Sayles' Ann. Civ. St. 1914, art. 30, subd. 4, and article 2084, the Court of Civil Appeals is without power to hear and determine appeal, which must be dismissed.

Appeal from District Court, Gregg County; Daniel Walker, Judge.

Action between J. M. Farmer and R. S. McKinley and Etta McKinley. From a judgment for the McKinleys, Farmer appeals. Appeal dismissed.

W. E. Beall and F. B. Martin, both of Longview, for appellant.
Edwin Lacy, of Longview, for appellees.

WILSON, C. J. Because the appeal bond was not filed in the court below within the time allowed by law (Vernon's Statutes, art. 2084, and article 30, subd. 4), this court is without power to hear and determine the appeal. Block v. Largent, 127 S. W. 1076; Mara v. Branch, 127 S. W. 1076; Dilworth v. Steves, 107 Tex. 73, 174 S. W. 279.

Therefore it is dismissed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes