STEWART v. McALLISTER et ux.
(No. 6146.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 22, 1919. Rehearing Denied March 12, 1919.)

1. APPEAL AND ERROR ⧉⇒281(1)—MOTION FOR NEW TRIAL—FUNDAMENTAL ERROR.

Where there was no motion for new trial in trial court, there can be no assignments of error except those based on fundamental error, in view of Rev. St. 1911, art. 1607.

2. VENDOR AND PURCHASER ⧉⇒33—MISREPRESENTATIONS—VALUE OF LAND—RESCISSION OF CONTRACT.

Where contract to purchase land at $200 an acre was procured by misrepresentations that land was as valuable as certain developed land shown purchaser, and was worth $225 an acre, that surface land was of equal elevation, that railroad was approaching on both sides of land, that land could be irrigated, that water rights would give an abundance of water, that irrigation company would supply water on five days' notice, and that land would produce abundantly and would not overflow, purchaser was entitled to rescission.

3. APPEAL AND ERROR ⧉⇒294(1)—REVIEW—EVIDENCE—STATEMENT OF FACTS.

In the absence of a motion for new trial and proper assignments based thereon, the Court of Civil Appeals will not consult the statement of facts to ascertain if the allegations were sustained by the evidence.

4. VENDOR AND PURCHASER ⧉⇒33—MISREPRESENTATIONS—STATEMENT OF FACTS—OPINIONS.

The statement of the truth of a matter in the form of an opinion which the party is shown to know was false is a misrepresentation of fact.

5. VENDOR AND PURCHASER ⧉⇒36(1)—MISREPRESENTATIONS—VALUE OF LAND.

Statements as to value, or as to land sold being as good as surrounding land, are actionable if made by a person holding a position of trust or confidence or by a party assuming to have special knowledge; the other being ignorant of the matter.

6. APPEAL AND ERROR ⧉⇒281(1)—"APPARENT"—"ERROR IN LAW."

Under Rev. St. 1911, art. 1607, providing for trial on appeal or writ of error, where no "error in law" was "apparent" on the face of the record, an error discovered by close scrutiny of the entire evidence is not "apparent," and there is no error of law where there is any evidence whatever to sustain a judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Apparent; Error of Law.]

7. APPEAL AND ERROR ⧉⇒281(1)—SUFFICIENCY OF PLEADINGS—ABSENCE OF MOTION FOR NEW TRIAL—"APPARENT UPON FACE OF RECORD."

When the pleadings are sufficient to support judgment, and the findings of the jury also sustain the judgment, there is no error of law apparent upon the face of the record within Rev. St. 1911, art. 1607, and the judgment, in the absence of a motion for new trial and other requisites for an appeal, cannot be assailed.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Apparent on the Face of the Record.]

Error from District Court, Hidalgo County; V. W. Taylor, Judge.

Action by W. E. Stewart against E. G. McAllister and wife. Judgment for defendants, and plaintiff brings error. Affirmed.

T. T. Vander Hoeven, of San Antonio, W. F. Zumbrunn, of Kansas City, Mo., and B. A. Greathouse and Don A. Bliss, both of San Antonio, for plaintiff in error.

James A. Graham and Jones & George, all of Brownsville, and Silvers & Dawson, of Butler, Mo., for defendants in error.

FLY, C. J. This is a suit to recover on four promissory notes for $1,000 each, dated July 10, 1915, instituted by plaintiff in error, herein called plaintiff, against E. G. McAllister and his wife, Christine McAllister, defendants in error, herein called defendants, and to foreclose a vendor's lien on certain lands sold by plaintiff to defendants, being lots 55, 56, and 57 of Stewart's addition. Defendants answered that plaintiff, at the time he sold the land to defendants, was engaged in the business of colonizing lands in the Rio Grande valley in Hidalgo county; that defendants lived in Bates county, in the state of Missouri; that they were induced by plaintiff to join an excursion, organized by him, to the Rio Grande valley; that they were led to believe by the fraudulent representations of plaintiff, that the land which they afterwards bought was worth $225 an acre, but that he would take $200 an acre for it; that a station for an electric railway, then partly built, and which would be rapidly completed, would be located on the land; that the land was susceptible of irrigation by gravity from the canals of the Louisiana-Rio Grande Canal Company as then constructed; that the lands were of equal surface elevation; that the supply of water was abundant at all times for all purposes, and would be furnished by the irrigation company five days after being demanded; that the land never overflowed, was not subject to overflow, and never was inundated by water from the Rio Grande; that plaintiff would regrub 72 acres of the land and put it in condition to be plowed. It was alleged that the representations were false, but defendants believed them to be

---

true and purchased the land giving therefor their Missouri farm and executed the note sued on. The cause was submitted to a jury on special issues, and judgment was rendered on the answers thereto for $16,112.56 in favor of defendants.

[1] No motion for a new trial was made and presented in the trial court, and consequently there can be no assignments of errors except those based on fundamental error, and, unless plaintiff can show that a fundamental error was made, he has no standing in an appellate court.

In article 1607, Revised Statutes of Texas, it is provided:

"In all cases of appeal or writ of error to the Courts of Civil Appeals, the trial shall be on a statement of facts or agreed statement of the pleadings and proof as agreed upon by the parties or their attorneys, or the conclusions of law and fact, as the case may be, certified to by the judge of the court below; or should the parties fail to agree, then the judge of the court below shall certify the facts; or on a bill of exceptions to the opinion of the judge; or on a special verdict; or on an error in law, either assigned or apparent on the face of the record. * * *"

Some doubt has been expressed by this court and the Supreme Court as to what is meant by the words "apparent on the face of the record." Adams v. Faircloth, 97 S. W. 507; Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242. In the case last cited the Supreme Court said:

"Since every error must, in one sense, appear upon the face of the transcript, it is difficult to tell what is meant by this language; but we incline to think it intended to signify a prominent error, either fundamental in character or one determining a question upon which the very right of the case depends."

Whatever doubt may have been entertained by the Supreme Court when rendering the decision from which the quotation was made, doubt seems to have been eliminated from the mind of that court later, and in the case of Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, it is held:

"This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment; for that would include every error which can be considered at all. * * * The language 'apparent upon the face of the record' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties."

It might be inferred from the language quoted that the court deemed the record as used in the statute to mean the assignments of error, but that theory can scarcely be maintained, because there are cases where errors of law "apparent upon the face of the record" are required to be considered in the absence of assignments of error.

In the case of Oar v. Davis, 105 Tex. 479, 151 S. W. 794, the definition of "error apparent upon the face of the record" as given in the Kimball Case is commended for its accuracy and comprehensiveness, but yet the court deemed it not inappropriate to add as a definition of the class of errors under consideration that error of law "apparent upon the face of the record" meant "such manifest error as when removed destroys the foundation of the judgment."

Whatever may be the doubt as to what is meant by an "error of law apparent upon the face of the record," it has been held by the Supreme Court and Courts of Civil Appeals that no such error can be predicated upon an examination of the entire statement of facts. Oil Co. v. Kimball, herein cited; Riggs v. Baleman, 198 S. W. 813; Barkley v. Gibbs, 203 S. W. 161.

[2, 3] The answer and cross-action of defendants alleged that they were induced by fraud and misrepresentations to purchase the land from plaintiff. The misrepresentations were that the land was as valuable as certain developed land showed to defendants; that the land was worth $225 an acre; that the surface of the land was of equal elevation; that a railroad was approaching on both sides of the land; that the space between the termini would be completed across the land with a station on it; that all the land could be irrigated; that the water rights would give an abundance of water; that the canal company would supply sufficient water for irrigation on five days' notice; that the land would produce abundantly; that the land would not overflow; and that plaintiff would regrub certain cleared land. The pleading was sufficient to justify a rescission of the contract if proof was made. In the absence of a motion for new trial and proper assignments based thereon, this court will not consult the statement of facts to ascertain if the allegations were sustained by the evidence.

[4, 5] This case is argued by plaintiff as though an opinion inducing the purchase of land could under no circumstances be the basis for a charge of fraud. Such is not the law. The statement of the truth of a matter in the form of an opinion which the party is shown to know was false is a misrepresentation of fact. Morrison v. Adoue, 76 Tex. 255, 13 S. W. 166; Newton v. Ganss, 7 Tex. Civ. App. 90, 26 S. W. 81; Riggins v. Trickey, 46 Tex. Civ. App. 574, 102 S. W. 918; White v. Peters, 185 S. W. 659; Baugh v. Houston, 193 S. W. 242. Statements as to value or as to land sold being as good as surrounding land are actionable if made by a person holding a position of trust or confidence or by a party assuming to have special knowledge, the other being ignorant of the matter.

"It is not the law that the expression of an opinion will not be cause for canceling a contract made through reliance upon the opinion whether 'erroneous or untrue' or not. The law is that, when a person makes a statement in the form of an opinion and knows of facts which make the opinion a sham and a fraud, he has really made a misrepresentation of fact." White v. Peters, herein cited, writ of error refused.

Proof of one or more of the grounds of rescission pleaded in the cross-action would justify the judgment of the court in rescinding the contract of purchase. The answers of the jury found all the facts essential to the support of the judgment, and in the face of the fact that the answers were not attacked in the trial court in any way, it is conclusive that they could not be successfully attacked, and were supported by the evidence.

The recitals in the judgment show that plaintiff was present in person and by counsel, and that no objection was made to the issues submitted by the court, and that no motion for new trial was filed. The trial seems to have been regular in every respect, and there is no "error of law apparent upon the face of the record."

[6, 7] An error discovered by a close scrutiny of the entire evidence could certainly not be deemed "apparent," and there could be no "error of law" where there is any evidence whatever to sustain a judgment, but it could only arise in the absence of all evidence to support the judgment. Even where a case has been properly tried in the lower court and all the requisite steps taken for an appeal, an appellate court is not called upon to read the whole of a statement of facts to discover error, and where no effort has been made to prepare for an appeal no such duty devolves upon a court. When the pleadings are sufficient to support the judgment, and the findings of the jury also sustain the judgment, there is no "error of law apparent upon the face of the record," and the judgment, in the absence of a motion for new trial and other requisites for an appeal, cannot be assailed.

The judgment is affirmed.