TEXAS CO-OPERATIVE INV. CO. et al. v. CLARK et al.   (No. 9121.)

(Court of Civil Appeals of Texas. Ft. Worth. June 14, 1919. Rehearing Denied Oct. 18, 1919.)

1. APPEAL AND ERROR ⟨=⟩216(2)—OBJECTIONS TO INSTRUCTIONS; NECESSITY OF REQUESTS.

In an action for price paid for stock on ground of fraud, objection to an instruction on false representations, because it gave jury no criterion for determining what was a misrepresentation of fact and what was a statement of opinion and what were mere promissory representations, will not be noticed on appeal; no request for explanatory charge having been made in trial court.

2. HUSBAND AND WIFE ⟨=⟩86—FORFEITURE OF CONTRACTS BY MARRIED WOMEN.

A married woman cannot be bound by provisions in a contract for the subscription to corporate stock which would warrant forfeiture of payments for nonpayment of subsequent installments.

3. CORPORATIONS ⟨=⟩83 — STOCK SUBSCRIPTIONS; FORFEITURE FOR NONPAYMENT.

Where plaintiff, after having subscribed for corporate stock on installments, gave a further subscription to defendant's agent, paying the price of the stock, but defendant refused to issue the stock, such failure of defendant warranted plaintiff in refusing to pay installments on her earlier subscriptions, and excused her from provisions of the contract that payments made should be forfeited in case of default.

4. FRAUD ⟨=⟩11(1)—MISREPRESENTATION AS TO RETURNS FROM STOCK AS OPINION.

Where an agent selling corporate stock made misrepresentations to prospective purchaser as to the returns from the stock, such representations, though partaking of the nature of opinion and of promissory character, are actionable, and hence admissible in an action by purchaser to recover not only payments on the ground that subscription was induced by false representations but also exemplary damages.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Mrs. M. A. Clark and others against the Texas Co-operative Investment Company and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

See, also, 212 S. W. 245.

Capps, Cantey, Hanger & Short, of Ft. Worth, for appellants.

I. W. Stephens and D. W. Odell, both of Ft. Worth, for appellees.

CONNER, C. J. Mrs. M. A. Clark, joined by her husband, James Clark, instituted this suit against the Texas Organization Company, a Texas corporation, and against the Texas Co-operative Investment Company, an Arizona corporation, to recover $4,500 by her paid for stock in the investment company. It was alleged that the two companies were acting together for a common purpose, and that said money had been secured by reason of certain false and fraudulent representations made to Mrs. Clark by one Peeples, acting under the authority of the companies named. The trial resulted in a judgment in favor of Mrs. Clark, and the companies mentioned have appealed.

[1] Error is assigned to the following portion of paragraph 2 of the court's charge, viz.:

"If you find from the evidence that on or about the dates alleged by plaintiff that he (Peeples) made the representations of fact to

plaintiff, Mrs. M. A. Clark, substantially as alleged in her amended petition, and that these representations of fact were substantially false as alleged by her," etc.

It is insisted in substance that the clause quoted is objectionable, in that it gave the jury no criterion whatsoever for determining what was a representation of fact, the falsity of which was misleading and confusing, and what was a statement of opinion, the incorrectness of which would invalidate the contract, and what were mere promissory representations giving rise only to an action for damages if not performed. It is true that the petition contained allegations of false representations partaking of the nature of promises of performance of future acts, and of opinions of the character of puffing inducements; but the petition undoubtedly also contained averments of false representations of fact which were alleged to be and which appear to be material inducements to the subscriptions for stock made by the plaintiff, and the charge objected to required a finding of all of the representations of fact as substantially alleged. A finding of such character necessarily established the existence of the material misrepresentations of fact and authorized a verdict in plaintiff's favor, regardless of the question of whether there might not have been also misrepresentations of themselves insufficient to authorize a recovery. Moreover, the objections made amount to no more than complaints of mere omissions calling for special charges on the part of appellant to correct the supposed deficiency in the court's charge. Indeed, the court upon the request of the defendants did instruct the jury to the effect that, if they found that Mrs. M. A. Clark was caused to subscribe for the stock in question "solely because of the representations of Homer Peeples, testified to by her, that he would guarantee that the stock would pay 10 per cent. dividends, then and in such event you will find and return a verdict for the defendant Texas Co-operative Investment Company." We think that, if the defendants desired to have the jury instructed further than was done by this special charge as to what representations they should treat as representations of fact within the scope or general meaning of the charge, they should have requested special instructions to supply the omissions and assigned error to the refusal of such charges. But this was not done. Appellant's first and second assignments of error are, accordingly, overruled.

[2, 3] Defendant also assigns error to the following special charge, given by the court upon the request of the plaintiff Mrs. M. A. Clark, viz.:

"If you fail to find for the plaintiff M. A. Clark on the issue of fraud submitted to you in the charge of the court, but find from the evidence that Homer Peeples was the agent of defendants or was held out as such by said Claude C. Hays, as general manager of said companies, and that as such agent he induced her to purchase and pay for stock in said investment company at or about the dates alleged in June, July, and August, 1911, and that she dealt with him in each of said transactions as the agent and representative of defendants, believing that he was such agent, and that defendants refused to give her credit for the sum of money, if any, paid on said August subscription and declared a forfeiture of the moneys paid on said June and July subscriptions, and that on this account said plaintiff refused to make any further payments, you will find for her the sums paid, if any, on said June, July, and August subscriptions, with interest at 6 per cent. per annum from October 1, 1911."

The evidence shows that Mrs. M. A. Clark advanced the moneys for which she sues upon three several occasions; the first was on June 29, 1911, the next July 1, 1911, and the last on August 1 of that year. At the time of the first two subscriptions, Mrs. Clark signed an application order which, in terms, authorized a cancellation of her subscription and a forfeiture of all moneys advanced by her in the event she should fail to pay any remaining installment for stock for which she had given her notes. At the time of the last or August purchase, however, she signed no application but then subscribed and paid for $2,000 worth of stock. The proof further shows that no stock at any time has ever been issued and delivered to Mrs. Clark. On the contrary, the defendant investment company refused to so do, and undertook to cancel the notes given by Mrs. Clark and to forfeit the sums of money paid by her on the June and July subscriptions, and defended against the August subscription on the ground that Peeples had not been authorized to solicit and take this subscription. It further appears that, at all times herein involved, Mrs. Clark was a married woman. In view of these facts, we fail to find any prejudicial error in the charge quoted. If it be assumed that the provision for forfeiture of money in the June and July subscriptions amounted to something more than a mere penalty and authorized under other circumstances the forfeiture specified, yet Mrs. Clark, then being a feme covert, could not be bound thereon. By virtue thereof, we do not think it can be said that the investment company was authorized to cancel Mrs. Clark's notes, given for the June and July subscriptions, forfeit all moneys paid by her thereon, and refuse to issue her any stock. But even if mistaken in this view, it is clear that the investment company had no right to refuse, as it did do, to issue stock actually paid for in August. At all events, plaintiff was entitled to this stock, and the refusal of the company to issue it to her amounted to a sufficient cause, we think, for her refusal, if

any, to make further, payments on her June and July subscriptions. The third assignment will, accordingly, be overruled.

[4] The remaining assignments, 4 to 12, inclusive, relate to objections to the testimony. Mrs. Clark was permitted to testify over the defendants' objections that Peeples represented that the stock of the investment company would pay enormous dividends; that she (Mrs. Clark) would be able to borrow from the investment company all the money she might request at a rate not to exceed 6 per cent. with the stock of the investment company as collateral security; that he (Homer Peeples) would guarantee 10 per cent. on this stock on the start; that as soon as the investment company began business its stock would pay 100 per cent. dividends; that he (Homer Peeples) would guarantee that the stock of the investment company would be paying 100 to 150 per cent. dividends or better, etc. It is objected that this testimony consisted of mere opinions, puffing declarations, and promissory representations, which afforded no grounds for the relief which plaintiff sought. Without stopping to discuss the nature and effect of this testimony, we think it sufficient to say that, among other things, these promises and representations were alleged to have been false in fact and known to be false at the time such representations were made and for all of which, in addition to actual damages, exemplary damages were sought. Under the allegations, therefore, as it seems to us, the evidence was clearly admissible, for we think it can be no longer doubted that if the representations and promises referred to were known by the agent of appellant to be false at the time he made them, and that the same were made for the purpose of inducing the plaintiff to make the subscriptions that she did, and part with her money as she did, being induced by said representations to do so, then the representations were actionable, even though partaking of the nature of opinion and of a promissory character. See Henderson v. Ry. Co., 17 Tex. 560, 67 Am. Dec. 675; Ry. Co. v. Shuford, 36 Tex. Civ. App. 251, 81 S. W. 1189; Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918; Newton v. Ganss, 7 Tex. Civ. App. 90, 26 S. W. 81; Cole v. Carter, 22 Tex. Civ. App. 457, 54 S. W. 914; Connally & Shaw v. Saunders, 142 S. W. 975; 20 Cyc. p. 18; and other authorities that might be cited. The requested charge, to the refusal of which complaint is made in the thirteenth and last assignment, was properly refused, we think, for the reason that it ignored the issues of identity, of agency, and of fraud submitted by the court, and authorized a finding for the defendant investment company, even though all of these issues were determined adversely to that company.

We conclude that all assignments of error should be overruled, and the judgment is affirmed.