### GALLAGHER v. HALLOWELL. (No. 768.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 27, 1921. Rehearing Denied Jan. 11, 1922.)

Appeal and error ⚮389(3)—Affidavit of inability to pay costs of appeal must be called to attention of trial court.

An affidavit or proof of inability to pay costs of appeal should be called in some way to the attention of the trial court to the end that he may order the stenographer to transcribe his notes in the case, and the mere filing of an affidavit before a county judge among the papers in the case did not devolve on the official stenographer in the trial court the duty to transcribe his notes, and was no excuse for failing to perfect the appeal within the time allowed, under Vernon's Ann. Civ. St. Supp. 1918, art. 2071, as amended by Acts 1919, c. 111, and Vernon's Sayles' Ann. Civ. St. 1914, art. 2098, although the stenographer promised to make the transcript, but neglected to do so.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by R. M. Hallowell against P. C. Gallagher. Judgment for plaintiff, and defendant appeals. Motion to affirm on certificate granted.

A. M. Huffman and Tom C. Stephenson, both of Beaumont, for appellant.

---

Orgain & Carroll, of Beaumont, for appellee.

· HIGHTOWER, C. J.   At a former day of this term the judgment rendered and entered in the lower court in this cause was affirmed by the court on appellee's motion that the same be affirmed on certificate, which action of this court was without written opinion. Since such affirmance was ordered appellant has filed a motion requesting this court to state by way of written opinion the reasons of this court for granting the motion to affirm on certificate, which request has been granted, and we state the following as our reasons for such action:

On May 12, 1921, R. M. Hallowell, who was the plaintiff in this suit in the Sixtieth district court of Jefferson county, recovered a judgment against P. C. Gallagher, who was the defendant, for the title and possession of lots No. 1, 2, 3, and 4 of the Fletcher subdivision of the Oakwood addition to the city of Beaumont. In due time the defendant, Gallagher, filed a motion for a new trial, which was presented to the trial court and overruled on May 27, 1921, and on the same day in open court gave notice of appeal to this court. No appeal bond was filed by Gallagher, but instead he sought to perfect the appeal by making proof before the county judge of Jefferson county of his inability to pay the costs on appeal or to give security therefor. So on June 1, 1921, Gallagher made affidavit before J. B. Peek, as county judge of Jefferson county, Tex., to the effect that he was unable to pay the costs of appeal from said judgment against him, or to give security therefor, which affidavit was sufficient both as to form and substance. After making such affidavit before the county judge, over which there was no contest, Gallagher, on June 2, 1921, caused such affidavit to be filed by the district clerk of Jefferson county among the papers of this cause. There is nothing in the record before us to show that the filing of this affidavit among the papers of the cause was at any time called to the attention of the trial judge, or that any action whatever was had by the trial court upon the affidavit, after the same had been filed by the clerk, as before stated. In the order of the trial court overruling the motion for new trial, Gallagher was allowed 60 days in addition to the 30 days allowed by statute in which to prepare and have filed a statement of facts and bills of exception.

On September 29, 1921, R. M. Hallowell, the plaintiff below, in whose favor the judgment was rendered as before stated, filed in this court a motion to have the judgment affirmed on certificate.  This motion to affirm on certificate was opposed by Gallagher, by written answer filed on October 11, 1921.  In this answer Gallagher stated, substantially, that immediately after filing his affidavit of inability to pay the costs of appeal in this

236 S.W.—49

case, etc., he, through one of his attorneys, made request of the official stenographer of the trial court for a copy of the evidence in narrative form to be used as a statement of facts in the cause, and he states that said stenographer agreed to furnish such statement of facts and to do so without delay, and that said stenographer repeatedly made such promises, but each time failed to comply by furnishing such statement of facts; that during a portion of the time said stenographer was absent from Beaumont, and his whereabouts was not known to Gallagher or his attorneys until some 4 or 5 days before the time had expired for filing the record in this court, and that the said stenographer informed Gallagher's attorneys that the statement of facts had been practically completed, and that he would fully complete the same at once.  The answer then states, substantially, that the stenographer again absented himself without furnishing such statement of facts, and that Gallagher or his attorneys were unable to procure such statement of facts until the time had expired for filing the record in this court.  Upon these facts, substantially stated, Gallagher contends that his failure to file the record in this court within the time required was not because of any fault or negligence on his part, or on the part of his attorneys, but says that the whole blame should be placed upon the official stenographer of the trial court, and that this court should mandamus the stenographer of the trial court to now prepare and furnish to counsel for Gallagher a · statement of facts, etc., that the same may be filed along with the record in this court, and prays this court for such action.

It was proper and sufficient for Gallagher to make proof before the county judge of Jefferson county of his inability to pay the costs of appeal in this case, or to give security therefor.  Article 2098, Complete Texas Statutes, 1920.  But article 2071 reads as follows:

"In any civil case where the appellant or plaintiff in error has made the proof required to appeal the case without bond, such appellant or plaintiff in error may make affidavit of such fact, and upon the making and filing of such affidavit the court shall order the official shorthand reporter to make a transcript as provided in other cases, but the official shorthand reporter shall receive no pay for the same; provided that should any such affidavit by such appellant or plaintiff in error be false he shall be prosecuted and punished as is now provided by law for making false affidavits."

Although this article in some respects has been amended by subsequent legislation, the portions of the article here under consideration have not been amended.  It will be at once noted that the words, "and upon the making and filing of such affidavit the court shall order the official shorthand reporter to

make a transcript, as provided in other cases," clearly implies that the affidavit or proof that was made by Gallagher in this case of his inability to pay the costs of appeal, etc., should have been called in some way to the attention of the trial court, to the end that he should order the stenographer to transcribe his notes in the case, and the mere filing of the affidavit that had been made before the county judge among the papers in this case, without in some manner calling the same to the attention of the trial judge and invoking action upon the same did not further devolve upon the official stenographer in the trial court the duty of transcribing his notes and furnishing a statement of facts in this case to Gallagher or his attorney, and·Gallagher was not and is not in position to insist upon such action by the stenographer, in the absence of a showing that the filing of the affidavit among the papers of the cause was brought to the attention of the trial court and the stenographer ordered to make the transcript of his notes. And it further follows, as a necessary conclusion, from what we have said that this court would not have authority to order the trial court's official stenographer, by writ of mandamus, to do something which he was not legally bound to do until ordered to do by the trial court. But even if the filing of this affidavit or proof of inability, etc., had been called to the attention of the trail court and the official stenographer had been by the court ordered to make the proper transcript, it being affirmatively shown that the stenographer, although frequently promising to furnish a transcript, as stated in Gallagher's answer, each time failed to do so, it was Gallagher's duty, before asking any action at the hands of this court, to apply to the trial court for such order as might be deemed necessary to compel the stenographer to transcribe his notes; and, there being no showing that this was done, but in fact the contrary appearing, we are convinced that Gallagher is not in a position to say that he and his attorney have done everything that devolved upon them in this matter, and that the reason for the failure to file the record here in proper time was solely the fault of the stenographer in the trial court. On the contrary, we think that by the exercise of proper diligence and effort on their part, it is shown without dispute from so much of the record as is now before us, together with the allegations in the answer to the motion to affirm on certificate, that Gallagher and his attorneys have not acquitted themselves of all negligence or blame in failing to file the record in this court within the proper time. For these reasons the motion to affirm on certificate was granted.