## SWINSON et al. v. THOMAS. (No. 3173.)

Court of Civil Appeals of Texas. Amarillo.
April 17, 1929.

Mathews & Folley, of Floydada, for appellant.

Ayres & Payne, of Floydada, for appellees.

RANDOLPH, J. This suit was filed in the county court of Floyd county by the appellants J. E. Swinson and wife against Mrs. Ida Thomas, a feme sole, and the First National Bank of Floydada, Tex., to recover the amount of $500 deposited in the defendant bank in escrow to be applied as a cash payment on a trade for real estate, in the event the parties carried out their contract for the sale and purchase of certain lots of land in the town of Floydada, and alleged to be in the nature of a deposit for liquidated damages, in the event Mrs. Thomas failed to comply with her contract.

One H. T. Smith, a real estate agent, intervened in the suit, claiming $125 of said $500 as his commission in the sale of the property.

The defendant bank answered that it held the money in escrow, subject to the consummation of the trade, and that it made no claim to it, but paid it into the registry of the court for its disposition.

On trial, the court rendered judgment that the plaintiffs take nothing by their suit; that the intervener take nothing by his suit; that the clerk of the court pay over to Mrs. Thomas the $500 in his custody, and that Mrs. Thomas have judgment for interest and costs of suit against J. E. Swinson and take nothing as against Mrs. Swinson. From this judgment, plaintiff J. E. Swinson has appealed to this court.

It is not necessary, where a case is tried before the court without a jury, that a motion for a new trial be filed in order to permit the party dissatisfied therewith to appeal from the judgment. But it is necessary, where such appeal is taken, in the absence of such motion, that the party appealing file assignments of error distinctly specifying errors he complains of. Article 1844, R. C. S. 1925; Lacey v. Dayton Rubber Mfg. Co. (Tex. Civ. App.) 270 S. W. 916; Phillips v. Webb (Tex. Civ. App.) 40 S. W. 1011; Newman v. Satterwhite (Tex. Civ. App.) 118 S. W. 1145; Cano v. Galveston, H. & S. A. R. Co. (Tex. Civ. App.) 57 S. W. 692.

It is true that the appellant has presented in his brief certain "assignments of error," but, as they are not based upon assignments of error filed with the clerk and duly brought forward into the transcript, we cannot consider them.

There being no assignments of error for our consideration, we can only pass upon this appeal for the purpose of ascertaining whether or not there are any errors "apparent of record."

The plaintiffs' cause of action, as pleaded, is a suit for the recovery of $500 in escrow in the bank, with proper allegations as to how that sum came into the bank. They allege the contract for the sale of the land to the defendant Mrs. Thomas, and her refusal to comply with its terms. The petition shows that the contract was for the sale of lots 10 and 11 in block 87 of the town of Floydada, Tex. The defendant Mrs. Thomas, in reply to the petition, specially pleads that the contract set out in the plaintiffs' petition does not constitute the entire contract between the parties, and alleges fraudulent representations made to her to induce her to sign the

written contract. In order for us to pass on the questions there presented, we must search the record and make an investigation just as we would have to do if we were guided by assignments of error duly presented. This the law does not require of us.

An error "apparent of record" is one that is clear from the face of the record, plain, evident, obvious. This does not mean an error which can be ascertained by looking into the record and considering the evidence. The fact that there are bills of exception in the transcript is not a compliance with the statute requiring the filing of assignments of error before taking out the transcript. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 537, 124 S. W. 85; Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Biggs v. Blount (Tex. Civ. App.) 151 S. W. 1114; English v. Allen (Tex. Civ. App.) 173 S. W. 1172; Stewart v. McAllister (Tex. Civ. App.) 209 S. W. 704; General Bonding & Casualty Ins. Co. v. Harless (Tex. Civ. App.) 210 S. W. 307; Ætna Accident & Liability Co. v. Trustees of the First Christian Church of Paris (Tex. Civ. App.) 218 S. W. 537.

We therefore affirm the judgment of the trial court.