### JENKINS v. JENKINS et al.
### No. 4179.

Court of Civil Appeals of Texas. Texarkana.

April 29, 1932.

Rehearing Denied May 12, 1932.

Guinn & Guinn, of Rusk, for plaintiff in error.

Guinn & Devereux, of Jacksonville, for defendants in error.

SELLERS, J.

This is a proceeding originally commenced in the county court of Cherokee county by Fred Jenkins, plaintiff in error, to probate the will of John M. Jenkins, deceased. To the probating of the will a contest was filed by C. E. Jenkins and others. The plaintiff in error in his application to probate the will alleged that J. M. Jenkins, the deceased, made a will about 1913 in due form, naming plaintiff in error the sole and only devisee of his property, and that such will was the last will of J. M. Jenkins, and that the will could not be produced into court, for the reason that J. M. Jenkins had caused it to be destroyed at a time when he was mentally incompetent to understand the nature and force of his act. It was also alleged that undue influence was used on J. M. Jenkins, deceased, by the defendants in error in securing the destruction of the will. The defendants in error denied the above allegations, and alleged that the will was destroyed by J. M. Jenkins, deceased, at a time when he was normal in every respect and knew the nature of his act, and that the will was destroyed by the said J. M. Jenkins because of certain conduct on the part of plaintiff in error toward him.

The trial in the county court upon the issues thus joined resulted in a judgment denying the application to probate the will. From this judgment Fred Jenkins, plaintiff in error, appealed to the district court, and upon a trial in the district court a like judgment was rendered denying the probate of the will, and the plaintiff in error had appealed by writ of error to this court.

The appeal to this court was perfected on September 9, 1931, and plaintiff in error had sixty days from this date in which to prepare and file statement of facts and transcript in this court. The plaintiff in error, being unable to make writ of error bond, filed in its stead a proper affidavit of his inability to give a bond. Thereafter he timely applied to the district judge for an order requiring the court reporter to furnish him with a free statement of facts, which request was finally refused him on October 16, 1931.

■ Plaintiff in error on this appeal has assigned the action of the district judge in refusing him an order requiring the court reporter to furnish him a free statement of

facts as reversible error. It is believed that this assignment should not be sustained. Conceding that plaintiff in error was entitled to a free statement of facts, the last effort to secure the same was on October 16, 1931, when the district judge refused to have the court reporter furnish him with a free statement of facts. Although several days remained in which to file statement of facts in this court, no effort was made to secure a mandamus from this court to compel the court reporter to furnish him with the statement of facts, nor did the plaintiff in error undertake to prepare and file a statement of facts from memory. Having thus failed to use all means at his command to have a statement of facts filed in this case, it seems settled under the authorities of this state that he is not entitled to reversal of the case. Pruitt et al. v. Blesi et al. (Tex. Civ. App.) 204 S. W. 714; Gallagher v. Hallowell (Tex. Civ. App.) 236 S. W. 768; Smith v. Pecos Valley & N. E. Rwy. Co. et al., 43 Tex. Civ. App. 204, 95 S. W. 11.

■ Plaintiff in error insists that the trial court erred in overruling his plea in abatement, all of which is shown in his bill of exceptions No. 2. There is no order by the court in the record ruling on plaintiff in error's plea in abatement; the only reference to any ruling on the plea being in the bill of exceptions. It is well settled that a party is not entitled to have a ruling of the trial court on a plea in abatement reviewed on appeal, unless there is an order in the record showing the ruling of the court on such plea other than the bill of exceptions. Hall v. Williams & Ellis (Tex. Civ. App.) 267 S. W. 520; First Nat'l Bank v. Herrell (Tex. Civ. App.) 190 S. W. 797.

There being no other assignments in the record subject to review, in the absence of the statement of facts, the judgment of the district court is affirmed.