ZMEK v. DRYER. (No. 1423.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 25, 1915.)

1. APPEAL AND ERROR ⬤⟵301—RESERVATION
OF ERROR—MOTIONS FOR NEW TRIAL—AS-
SIGNMENT OF ERROR.

Under Vernon's Sayles' Ann. Civ. St. 1914,
arts. 1607, 1612, relating to presentment of case
on appeal, and providing that the assignments
of error in the motion for new trial shall consti-
tute the assignments of error, and need not be
repeated, and Court of Civil Appeals rules 23,
24 (142 S. W. xii), a plaintiff in error who

filed a motion for new trial below is confined on appeal to the grounds of error set up in such motion, except that he may assign, and the court may consider, error of law apparent upon the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. ☞301.]

2. APPEAL AND ERROR ☞719—ASSIGNMENTS OF ERROR—ERRORS "APPARENT UPON THE RECORD."

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1607, 1612, and Court of Civil Appeals rules 23, 24 (142 S. W. xii), limiting review to errors assigned or to error "apparent upon the record," alleged error, to determine which would require consideration of the pleadings and evidence, was not reviewable as error "apparent upon the record."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.

For other definitions, see Words and Phrases, Second Series, Apparent on the Face of the Record.]

Error from District Court, Bowie County; W. T. Armstead, Judge.

Action by E. A. Dryer against Joseph Zmek and others. There was a judgment for plaintiff, and defendant Zmek brings error. Affirmed.

Jesse A. Miller owned a tract of land containing 560 acres in Bowie county, and a tract containing 465½ acres in Cass county. January 30, 1911, said Miller, in writing, authorized J. M. Christopher and J. N. L. King to sell said land on terms specified. February 2, 1911, Miller, for a consideration paid to him by defendant in error, E. A. Dryer, by an instrument in writing, gave said Dryer an option, to be exercised within three days, to purchase the land on terms specified. February 4, 1911, Dryer notified Christopher, as Miller's agent, that he had determined to avail himself of the option and buy the land on the terms offered by Miller. On the same day—to wit, February 4, 1911—Dryer, for himself, and Christopher, for Miller, executed an instrument in writing whereby Dryer bound himself to purchase the land, and Miller bound himself to sell and convey same to Dryer. February 6, 1911, Miller and Dryer met in the law office of Hart, Mahaffey & Thomas, where, in compliance with their (Miller's and Dryer's) instructions, two deeds to be executed by Miller to Dryer—one conveying the Bowie county land, and the other the Cass county land—were prepared. Miller was present during part of the time these deeds were being written, but before they were completed and ready to be executed by him he was called away by appellant, Zmek. Miller never afterwards executed the deeds, but, instead of doing so, on the day they were prepared sold the Cass county land to plaintiff in error, who, when he purchased same, had full notice of the fact that Miller had contracted to sell same to Dryer as stated. This suit was by Dryer against Miller and his wife and Zmek to specifically enforce the contracts of February 2, 1911, and February 4, 1911, referred to above. It appears from the record that the controversy between the parties, so far as it affected the Bowie county land, was adjusted before the cause was tried. The writ of error was sued out by Zmek alone from a judgment in favor of appellee specifically enforcing the contract as to the Cass county land. The trial was by the court without a jury. The conclusions of fact and law on which the court based the judgment were not reduced to writing and filed as they might have been.

Mahaffey & Keeney, of Texarkana, for plaintiff in error. Rodgers & Dorough, of Texarkana, for defendant in error.

WILLSON, C. J. (after stating the facts as above). [1, 2] It is believed this court is without authority to consider the assignments of error relied upon in plaintiff in error's brief, and that the judgment should be affirmed because error therein is not apparent on the face of the record. Plaintiff in error having filed a motion for a new trial in the court below, he is confined in this court to the grounds of error set up in his motion, except that he may assign, and this court may consider, an error of law "apparent upon the record." Articles 1607 and 1612, Vernon's Statutes; Rules 23 and 24 (142 S. W. xii) for Courts of Civil Appeals; Astin v. Mosteller, 152 S. W. 495. The grounds of error urged in the motion for a new trial are not urged here, but, instead, plaintiff in error relies upon assignments presenting, he contends, "fundamental errors." These assignments are three in number. The first is that the court erred in rendering the judgment he did render because it appeared that the contract sued upon was not executed by Miller, but by Christopher, as his agent; and because it further appeared that, if Christopher had authority to act for Miller, it was to act jointly with King, and not alone, as he did in executing the contract of February 4, 1911. The second assignment is that it appeared that the court "found," quoting, "it impossible, on account of the homestead rights of the defendants Miller in the Bowie county land, to enforce the alleged executory contract in its entirety, and, since the consideration for such alleged executory contract moving from the plaintiffs to the defendants Miller was not a money consideration in its entirety, such executory contract was not divisible, and the court was without power either to decree a partial performance of the contract or to make a new contract for the parties and to decree its execution." The third assignment is that it appeared from the contract sued upon that "plaintiff (quoting) was to purchase from the defendant Miller two tracts of land, * * * and was to, as consideration therefor, pay $250 in cash, and to execute and deliver (to Miller) good

and sufficient deeds to certain lots * * * to be selected from other lots owned by plaintiff," and that the court was without authority "to divide the contract and enforce a portion of it, because this amounted to making for the parties a contract to which neither had assented." As we view it, it would be necessary, in order to determine whether the court erred as charged or not, to look to the pleadings and testimony and determine whether the suit was maintainable on the contract of February 2, 1911, executed by Miller himself, or not (26 A. & E. Enc. Law, 100; Williams v. Graves, 7 Tex. Civ. App. 356, 26 S. W. 334), and, if it should be determined it was not, but was maintainable only on the contract of February 4, 1911, executed on his behalf by Christopher, to determine whether there was testimony to support a finding that Miller was bound by Christopher's act in executing the last-mentioned contract, and, if there was, then to determine whether the court, because of the adjustment between the parties to the controversy as to the Bowie county land, or for other reason appearing in the facts, had a right to specifically enforce the contract as to the Cass county land alone, or not. We therefore do not think the errors assigned should be treated as "errors apparent on the face of the record," as that phrase has been defined by the Supreme Court (Oar v. Davis, 105 Tex. 479, 151 S. W. 796; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 537). In the Kimball Case that court said:

"Webster defines the word 'apparent' thus: 'Clear or manifest to the understanding; plain; evident; obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record. Therefore the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language 'apparent upon the face of the record,' indicates that it is to be seen upon looking at the face of the record (that is, the assignment itself), the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error; such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily."

The judgment is affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

