HASSELL et al. v. ROSE et al.　(No. 760.)

(Court of Civil Appeals of Texas. El Paso. Dec. 6, 1917. Rehearing Denied Jan. 3, 1918.)

1. APPEAL AND ERROR ☞748(2) — ASSIGNMENTS OF ERROR—SUFFICIENCY—STATUTE.

Under Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), providing that the assignments of error shall be filed before the transcript of the record is taken from the clerk's office, appellant was not authorized to file new or original assignments of error after the transcript had been filed in the Court of Civil Appeals, and such assignments could not be considered and would be stricken on motion.

2. APPEAL AND ERROR ☞659(2), 748(2)—ASSIGNMENTS OF ERROR—CERTIORARI.

In such case, and where the assignments had been lost or destroyed, it was incumbent upon appellant to substitute them, as provided by Rev. St. 1911, arts. 2157–2163, inclusive, and when so substituted the transcript on appeal could be perfected by certiorari.

3. APPEAL AND ERROR ☞719(1) — ASSIGNMENTS OF ERROR—REVIEW—"FUNDAMENTAL ERROR."

Without proper assignments presented to the Court of Civil Appeals, it can consider only "fundamental error," which is such error as is readily seen and which lies at the base and foundation of the proceeding and which necessarily affects the judgment, or error in law apparent on the face of the record, and fundamental error does not require an examination and weighing of the evidence to determine whether the assignment is well taken.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

Appeal from District Court, Anderson County; Jno. S. Prince, Judge.

Action between Mrs. Annie B. Hassell and others and Mrs. M. E. Rose and others. Judgment for the latter, and the former appeal. Affirmed.

W. R. Petty, of Palestine, for appellants. N. B. Morris, of Palestine, for appellees.

HIGGINS, J. · This appeal is prosecuted from a judgment rendered in the district court of Anderson county on June 5, 1916. The certificate of the clerk to the transcript of the record discloses that the same was delivered to appellants' attorney on September 22, 1916. The record was filed in the Court of Civil Appeals of the First Supreme Judicial District October 11, 1916. Appellants filed their brief on February 9, 1917. Thereafter, by order of the Supreme Court, the appeal was transferred to this district and the record filed in this court February 20, 1917. The transcript contained no assignments of error. On March 12, 1917, appellants filed a motion to have the transcript returned for correction. In the motion it was set up that the transcript was defective and erroneous in that the clerk in making up the same, by mistake or oversight, left out the assignments of error filed in the district court on the 10th day of August, 1916. Thereafter, this court, on March 29, 1917, granted this motion and ordered issuance of a writ of certiorari requiring the clerk of the district court to send up to this court the assignments of error filed in said court by appellants. In response to the writ there was filed in this court on April 12, 1917, copies of two assignments. The certificate thereto shows that the same were filed in the court below on April 2, 1917. Appellees, on November 20, 1917, filed a motion to strike out the assignments of error upon the ground that the same were not filed in the district court and carried forward in the transcript,

nor were same filed within the time required by law, but were filed too late to be considered on appeal. In support of the motion an affidavit was filed by E. T. McCain, who was formerly district clerk of Anderson county during the year 1916. The substance of this affidavit is that, when he prepared and delivered the transcript to appellants' attorney, no assignments of error had ever been filed, and that the omission of the same from the transcript was not due to mistake or oversight, but because the same had never been filed; that some time in February or March, 1917, appellants' attorney called upon him to know about these assignments, and this was the first time the attorney had ever mentioned the same to him; and that he then told the attorney that he had never filed them.

[1, 2] Article 1612, R. S., as amended by Acts of 33d Legislature, c. 136, General Laws Reg. Sess., provides that the assignments of error shall be filed before the transcript of the record is taken from the clerk's office. In the condition of this record, the motion to strike out the assignments must be sustained. The certificate to the supplemental transcript sent up in response to the writ of certiorari shows that the assignments sent up in the supplemental transcript were filed April 2, 1917—long subsequent to the time the transcript had been filed in the Court of Civil Appeals of the First District. It was too late at that date to file original assignments of error. If appellants had filed proper assignments of error in the court below on August 10, 1916, these were the assignments and the only assignments which could properly be presented in this court. If those assignments had been lost or destroyed, it was incumbent upon appellants to substitute the same in the manner provided by articles 2157 to 2163, inclusive. When so substituted, the transcript on appeal could have been perfected by certiorari. There was no authority to file new or original assignments of error on April 2, 1917. For the reasons indicated, we cannot consider the assignments as presented in appellants' brief. The motion to strike out the same must be sustained.

[3] In the absence of proper assignments presented in this court, we can consider only "errors in law apparent on the face of the record," or, as they are sometimes designated, "fundamental errors." All other errors not assigned are waived. District Court Rule 101a (159 S. W. xi); Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; City of Beaumont v. Masterson, 142 S. W. 984; McPhaul v. Byrd, 174 S. W. 644; Holloman v. Black, 188 S. W. 973. There is no fundamental error presented by this record, so far as we can ascertain. In order to pass upon the merits of the assignments presented, it would be necessary for this court to examine the entire statement of facts, and it is definitely established by the decision of Judge Brown in Houston Oil

Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, that the term "fundamental error" is not one which requires an examination and weighing of the evidence to determine whether or not the assignment is well taken. A "fundamental error" has also been defined as one readily seen, lying at the base and foundation of the proceeding and affecting the judgment necessarily. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Searcy v. Grant, supra; Fuqua v. Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; Harris v. Petty, 66 Tex. 514, 1 S. W. 525.

If we are at liberty to examine the statement of facts in this case for the purpose of ascertaining whether or not error has been committed, it still cannot be said that the errors complained of by appellant are readily seen; so under neither of the definitions given in the cases to which we have referred can the contentions of appellant be considered as presenting fundamental error.

In the absence of any errors properly assigned or fundamental errors appearing, it follows that the judgment must be affirmed.

Affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes