GENERAL BONDING & CASUALTY INS. CO. v. HARLESS. (No. 8086.)

(Court of Civil Appeals of Texas. Dallas. Feb. 1, 1919. Rehearing Denied March 15, 1919.)

1. SEQUESTRATION ⬿20—QUASHAL OF WRIT —EFFECT ON REPLEVY BOND.

Quashal of a writ of sequestration sued out by plaintiff rendered null and void the replevy bond executed by the original defendant, and relieved of all liability the surety thereon.

2. SEQUESTRATION ⬿20—QUASHAL OF WRIT — EFFECT ON REPLEVY BOND — JUDGMENT NOT RESTING ON SUCH BOND.

Where it is apparent that plaintiff was not awarded judgment against the surety on defendant's replevy bond by virtue of the latter's contractual liability as surety on the bond, which was rendered null and void by quashal of the writ of sequestration sued out by plaintiff, judgment for plaintiff was not affected by quashal of the writ.

3. APPEAL AND ERROR ⬿742(1) — BRIEFS — PROPOSITION—STATEMENT OF PROCEEDINGS.

Rule requiring there shall be subjoined to each proposition asserted in the brief a brief statement in substance of such proceedings, or part, contained in the record, as will be sufficient to explain and support the proposition, is not satisfied by a simple reference to the pages of the statement of facts where the testimony of the witnesses and other matters bearing on the proposition may be found; statement of substance of testimony at least being required as well.

4. PLEADING ⬿49 — PETITION — CONSTRUCTION.

Petition by seller of jewelry against buyer and latter's surety on replevy bond given when property was replevied from seizure under writ of sequestration *held* not to seek to enforce sure-

ty's statutory liability on bond, but rather to seek recovery, either on the bond as a common law obligation, or for conversion.

5. PLEADING ⬿52(1)—PLEADING BY COUNTS.

The system of pleading by counts is not in vogue in Texas.

6. APPEAL AND ERROR ⬿253—RESERVATION OF GROUNDS OF REVIEW — OBJECTION TO PLEADING.

An objection to the petition not raised by any plea, exception, or other pleading in the trial court, cannot be raised for the first time on appeal.

7. APPEAL AND ERROR ⬿742(5) — ASSIGNMENT OF ERROR — REFUSAL OF CHARGE — FAILURE TO SET OUT EVIDENCE.

An assignment that the trial court erred in refusing to give defendant's requested charge cannot be considered, where the testimony, on which the right to the charge as claimed was based, is nowise set out in the statement made under the assignment.

8. APPEAL AND ERROR ⬿719(1)—ABSENCE OF ASSIGNMENT—"ERROR APPARENT UPON THE FACE OF THE RECORD."

An error which can be ascertained only by looking into the record and considering the evidence may not be considered without an assignment of error, as it is not an "error apparent upon the face of the record," which means that the error can be found upon looking on the face of the record, the fact pointed out showing good ground for the court to interfere.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Error Apparent.]

9. APPEAL AND ERROR ⬿730(1)—ERROR NOT APPARENT ON FACE OF RECORD—REFUSAL OF PEREMPTORY CHARGE.

Where asserted error was not apparent on face of record, it was necessary under statute that assignment of error, complaining of court's action, in order to entitle it to consideration, distinctly point out error relied on, which an assignment that court erred in refusing to give defendant's requested charge to return verdict for defendant did not do.

10. APPEAL AND ERROR ⬿301—RESERVATION OF GROUNDS OF REVIEW—ASSIGNMENTS IN MOTION FOR NEW TRIAL.

Assignments of error not included in the motion for new trial cannot be considered on appeal, unless the error assigned arose after filing of the motion.

11. APPEAL AND ERROR ⬿742(1) — ASSIGNMENT OF ERROR—STATEMENT—RULES.

Statement of facts under assignment of error *held* not in compliance with the rules.

12. TROVER AND CONVERSION ⬿69 — JUDGMENT — ACTION AGAINST SURETY ON REPLEVY BOND.

Where plaintiff, seller of jewelry, recovered against surety on defendant's replevy bond, writ of sequestration having been sued out, on theory that surety had converted property on which, he (the seller) had a valid mortgage lien, and did not recover on the replevy bond, usual

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment rendered when recovery is had on replevy bond was not called for and would not have been proper.

**13. APPEAL AND ERROR ⬅➡742(1)—ASSIGNMENT OF ERROR — EXAMINATION OF EVIDENCE.**

Court of Civil Appeals is not required to examine all the evidence contained in the statement of facts to determine whether an assertion of an assignment of error is true, where it cannot be said that the error claimed is not one apparent on the face of the record.

**14. APPEAL AND ERROR ⬅➡742(5, 6)—ASSIGNMENT OF ERROR—STATEMENT.**

Statement under assignment of error, stating or quoting no testimony in support of assertion of assignment that instruction and verdict complained of were contrary to undisputed evidence, *held* insufficient to require consideration of assignment.

**15. APPEAL AND ERROR ⬅➡742(7) — ASSIGNMENT OF ERROR—INSUFFICIENCY.**

Assignment of error submitted as proposition that court erred in refusing to grant defendant new trial, for reason set forth in specified paragraphs of defendant's amended motion for new trial, *held* insufficient, as not calling attention to any proposition of law, first proposition not being itself proposition, and as unsupported, together with its propositions, by any statement showing truth of allegations of paragraph of motion for new trial.

**16. APPEAL AND ERROR ⬅➡907(2)—PRESUMPTION FAVORING COURT BELOW—ACTION ON MOTION FOR NEW TRIAL.**

In absence of showing of testimony, presumption on appeal is that such as was presented on the issues attempted to be raised on certain grounds of defendant's motion for new trial was such as to justify trial court in overruling it.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Suit by Ben F. Harless against Maude White, alias Maude Nelson, wherein writ of sequestration was sued out; defendant replevying the property and giving replevy bond with the General Bonding & Casualty Insurance Company, as surety, plaintiff making such company a party defendant. From judgment for plaintiff, the insurance company appeals. Affirmed.

W. D. Cardwell, of Wichita Falls, for appellant.

W. M. Jones, of Farmersville, and Etheridge, McCormick & Bromberg, of Dallas, for appellee.

TALBOT, J. The appellee Harless sued Maude White, alias Maude Nelson, April 18, 1913, on notes secured by a chattel mortgage given for the purchase price of certain articles of jewelry, and prayed for foreclosure of the mortgage lien. At the time of the institution of the suit, appellee sued out a writ of sequestration, which was levied upon "one diamond, weight about 3 karats, and one diamond necklace, all platinum chain and settings, with about ten diamonds," then in the possession of said Maude White, alias Maude Nelson, and of the alleged value of $1,300. After the seizure of the property under the writ of sequestration, the same was replevied by the defendant giving a replevy bond with the appellant, General Bonding & Casualty Insurance Company, as surety. Thereafter, on December 19, 1914, the appellee filed his first amended original petition, in lieu, and in stead, of his original petition filed on the 18th day of April, 1913, and in lieu of his first supplemental petition filed on the 28th day of September, 1914, making the General Bonding & Casualty Insurance Company, surety on the replevy bond, a party defendant. In this amended petition appellee pleaded that General Bonding & Casualty Insurance Company converted his security, having executed its bond and taken possession of said property, and he prayed for a foreclosure upon the same, or, if it were not in possession of the appellant, for a judgment for its conversion. In February, 1915, defendant General Bonding & Casualty Insurance Company filed its motion in the trial court to quash the sequestration proceedings, which said motion was conceded by counsel for plaintiff to be well taken, and judgment was entered quashing the sequestration proceedings on the 27th day of. February, 1915. The cause came on for trial before a jury on the 14th day of November, 1917, the plaintiff being present in person and by counsel, and the defendant the General Bonding & Casualty Insurance Company being present by counsel, but other defendants· came not. At the close of plaintiff's testimony, counsel for defendant General Bonding & Casualty Insurance Company filed its motion requesting the court to instruct the jury to return a verdict for defendant bonding company, which was by the court overruled, and to which exceptions were duly taken. Thereupon counsel for plaintiff requested the court to instruct the jury to return a verdict in favor of the plaintiff against the defendant Maude Nelson for the amount of his debt, interest, and attorneys' fees on the notes executed by her, and against the defendant bonding company in the sum of $1,651, being the alleged value of the articles in controversy, with interest thereon, which said motion was by the court granted. Thereupon counsel for defendant bonding company, before said charge was given to the jury, presented to counsel for plaintiff and to the trial judge his objections in writing to said charge. The jury thereafter returned its verdict into court in accordance with said instructions, and judgment was entered against the defendant

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bonding company in the sum of $1,651. The appellant filed a motion for a new trial, which was overruled, and it alone perfected an appeal to this court.

Appellant's first and second assignments of error, each of which is submitted as a proposition, are, in substance, that the trial court erred in instructing a verdict for the appellee for the reason that the record shows that a judgment was entered in the suit quashing the affidavit, bond, and writ of sequestration sued out by appellee, whereby the replevy bond executed by the original defendant in the case was rendered null and void and appellant relieved as surety of all liability thereon.

[1, 2] That such was the legal effect of the quashal of the writ of sequestration is affirmed by a number of decisions of the appellate courts of this state and not denied by the appellee. Appellee contends, however, that it is apparent that he was not awarded a judgment against the appellant by virtue of its contractual liability as surety on the replevy bond and that no principle announced in said assignments would defeat the judgment rendered in his favor. This contention of appellee we believe to be correct, and the first and second assignments of error will be overruled.

[3, 4] The third assignment of error is to the effect that the court committed "fundamental error apparent upon the face of the record" in instructing the jury to return a verdict in favor of appellee and in rendering judgment upon the verdict returned in obedience to such instruction, because the pleadings and evidence clearly indicate this to be a suit against appellant upon the replevy bond. Appellee objects to a consideration of this assignment, because the alleged error is nowhere complained of in the motion for a new trial and because there is no statement of the "evidence" which appellant asserts indicates the suit to be against appellant upon the replevy bond. The statement contains a quotation of the pertinent pleadings, but neither states nor quotes the evidence relied on to support the assignment of error. The only reference in the statement under the assignment to the evidence is as follows:

"The testimony of plaintiff's witness W. M. Jones is found at pages 5 and 6 in statement of facts, reference to which is here made. The testimony of plaintiff is found at pages 7 to 9 and at page 13 of the statement of facts, reference to which is here made. The affidavit and bond in sequestration was filed in this suit April 18, 1913. The replevy bond was filed and approved by the sheriff April 19, 1913. The judgment of the court quashing the sequestration proceedings was entered February 27, 1915."

The rule requiring that there shall be subjoined to each proposition asserted in the brief a brief statement in substance of such proceedings, or a part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition is not satisfied by a simple reference, as in the present instance, to the pages of the statement of facts where the testimony of the witnesses and other matters bearing upon the proposition may be found. A statement of the substance of the testimony at least is required, as well as a reference to the pages of the record where it may be found. So far as the pleadings are concerned, they do not, in our opinion, show this to be a suit against appellant upon its contractual liability as surety upon the replevy bond. It is alleged in substance that while plaintiff, through his said agent, the sheriff aforesaid, was in possession of said property, said diamond and necklace, the defendant General Bonding & Casualty Insurance Company executed and delivered to the said sheriff and agent of plaintiff a certain bond in the sum of, to wit, $1,000, conditioned that the said defendant would produce, or cause to be produced, the property above mentioned to await the orders of this court; that the appellant took into its possession from said officer of the court the jewelry in question and has and retains the same, or has converted the same; and that, if appellee's contract mentioned be valid, it is a mortgage of said property and is entitled to a foreclosure upon the same, and in the alternative for a judgment for its value, against all of the defendants including the appellant, if it should appear that appellant is not in possession of said property but has converted the same. Appellant further alleged:

In the event it should appear that appellee is not entitled to his said chattel mortgage, "and the right hereinbefore set forth incident thereto, that then and in such event he did not part with the title to his said property and is now entitled to the same and to his judgment therefor against all of the defendants herein, including General Bonding & Casualty Insurance Company; and plaintiff shows that he is entitled to a judgment against the said Maude White as principal and the said General Bonding & Casualty Insurance Company as surety upon the bond hereinbefore alleged, upon the conditions thereof as an obligation in the common law compelling them to return to his said agents the property to the possession of which he was legally entitled in the event the said property be not upon the trial hereof produced to await the orders of this honorable court."

The prayer of the petition is to the effect that upon final hearing appellee have judgment for his said debt, damages, interest, attorneys' fees, and costs of suit, together with a foreclosure of his said chattel mortgage lien, "and in the alternative for the possession of said property if it be tendered into court, and, if not, for the value thereof, and for a recovery upon said bond, and for the conversion of said property, and for such other relief as to the court may seem meet."

Manifestly, appellee's petition was drawn with a view of obtaining a recovery upon either phase of the case alleged, to which he might show himself entitled under the law and the evidence, and he did not commit himself by the allegations made to a suit based upon the replevy bond as a statutory obligation. By the allegations of the petition the bond is treated as a common-law obligation, and upon no other theory can it be said that a recovery was asked upon it.

As to the claim that the evidence shows the suit to be one upon the statutory replevin bond, it may be said that if we would be justified in considering the assignment of error, notwithstanding appellant's failure to comply with the rules in not stating enough of the evidence to enable us to determine that question, and even if the evidence could be looked to for the purpose of determining the basis of the suit, which is not admitted, we are not prepared to say that it supports this contention of appellant.

[5, 6] The second proposition under this assignment is that—

"An action in tort (as for a conversion) cannot be joined in an action against the sureties on a replevy bond under our court."

It is sufficient to say, in answer to this contention, as is contended by appellee, that the system of pleading by counts is not in vogue under the rules of Texas pleading, and that even if the objection should be well taken it was not raised by any plea, exception, or other pleading in the court below and cannot be raised for the first time on appeal.

What has already been said disposes of the third proposition under this assignment against the contention of appellant.

[7-9] The fourth assignment of error is as follows:

"The court erred, as is apparent upon the face of the record, in refusing to give defendant's requested charge to the jury instructing them to return a verdict in favor of the General Bonding & Casualty Insurance Company."

This assignment is submitted as a proposition and is the only proposition presented under it. Appellee objects to a consideration of the assignment because no reference thereto is made in the motion for a new trial, nor is said motion referred to in the assignment. A consideration of the assignment is further objected to because the testimony upon which the right to such charge as claimed would be based is in no wise set out in the statement made under it. The last objection is clearly well taken, and, unless the rules prescribed for the briefing of cases is to be ignored, the assignment of error cannot be considered. The statement made contains nothing but what purports to be a copy of a bill of exception taken to the action of the court in refusing the requested charge.

There is not a syllable of testimony stated or quoted, and it cannot be said that the error, if error, is fundamental. As pointed out in Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, Webster defines the word "apparent" thus: "Clear or manifest to the understanding; plain, evidently obvious; appearing to the eye or mind." And in that case the Supreme Court held this language did not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. The court further held that the language " 'apparent upon the face of the record' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties." The Supreme Court further held, in effect, that even though by an examination of the record it might be found that the facts existed which showed that the court erred as claimed, yet since they were not manifest and not evident, not obvious, without an examination and weighing the evidence, the error was not one "apparent" upon the face of the record. Again, the asserted error not being "apparent upon the face of the record," it was necessary, under the statute, that the assignment of error complaining of the court's action, in order to entitle it to consideration, distinctly point out the error relied on. This, as will be noted, the assignment does not do. It merely asserts that the court erred in refusing to give the peremptory charge requested, no ground whatever in support of the assertion being stated. Railway Co. v. Roberts, 194 S. W. 218. The assignment of error is not entitled to consideration.

[10] The fifth assignment of error, a consideration of which is also objected to by appellee, cannot be considered. The appellant filed a motion for a new trial in the lower court, which constitutes its assignments of error here, and this assignment was not included therein. It has been distinctly held that assignments of error not included in the motion for a new trial cannot be considered on appeal unless the error assigned arose after such motion had been filed. Hayes v. Furniture Co., 180 S. W. 149; Zmek v. Dryer, 174 S. W. 659. The error here claimed did not arise after appellant's motion for a new trial was filed and is not one "apparent upon the face of the record." Adhering to the rules and decisions of our courts, neither the assignment nor propositions advanced under it can be considered.

[11] The next assignment is to the effect that the court erred in refusing to instruct the jury to return a verdict for appellant

because the evidence showed that appellant never had in its possession the property involved in the suit, and hence could not have converted it. There is no statement under this assignment pointing out the evidence upon which appellant relies to show that it never had possession of the property in controversy, and appellee objects to its consideration. Under the word "statement" is the following: "The same as first proposition under fifth assignment of error." Looking to the statement thus referred to, we find no testimony stated or quoted that will enable us to determine the question sought to be presented. We find under "statement" this, in substance: The replevy bond offered in evidence by plaintiff will be found at pages 11 and 12 of the statement of facts and a clause in it stating that property in controversy in the suit "has been permitted to remain in the hands of the said Maude Nelson, alias Maude White." The testimony of the witness W. M. Jones is found at pages 5 and 6 of the statement of facts. The testimony of the plaintiff, Ben F. Harless, is found at pages 7–9, and at page 13 of the statement of facts:

"The plaintiff and his witness W. M. Jones went to the office of the bonding company to inquire about the diamonds within a few days after the replevy bond had been accepted and approved by the sheriff (see testimony of W. M. Jones and Ben F. Harless in statement of facts as above cited). The testimony of plaintiff and his witness Jones was: (If said diamonds were ever in the possession of this defendant) that they were advised that they had been turned over to the attorneys for the defendant Maude Nelson, prior to the time of their visit to the office of the bonding company to inquire about them (see testimony of W. M. Jones and Ben F. Harless cited above)."

The statement is not in compliance with the rules; but, if we were warranted in considering the assignment, our general knowledge of the testimony contained in the statement of facts leads us to believe that it is amply sufficient to show that at one time after execution and delivery of the replevy bond the property in controversy was in the possession of appellant. Indeed, from the declaration in the statement, to the effect that appellee and his witness W. M. Jones went to the office of appellant to inquire about the property in controversy, and that they testified they were there advised that it had been turned over to the attorneys for the defendant, it may be inferred that appellant had had possession of said property.

[12] The next contention is, in substance, that, appellant being a surety upon the replevin bond, judgment, if appellee was entitled to recover, should have been for the return of the property replevied, or, in the event of the failure of defendant to return same, for their value. The answer to this assignment is that appellee does not contend

that the liability of appellant was based upon any contractual liability by reason of the replevy bond. He recovered, as we understand the record, upon the theory that appellant had converted the property upon which he had a valid mortgage lien and not upon the replevy bond. This being true, the usual judgment rendered when recovery is had upon a replevy bond was not called for and would not have been the proper judgment.

This also disposes of the eighth assignment of error, which seeks to present practically the same question as the one just discussed.

[13, 14] The ninth assignment of error complains:

"That the court erred in instructing the jury to find for the plaintiff against this defendant in the sum of $1,651 for the reason that said instruction and said verdict is contrary to the undisputed evidence in this case."

Consideration of this assignment is objected to by appellee because it is too general and is not supported by any proposition nor by any appropriate statement. The only statement made under this assignment is that—

"The judgment of the court (Tr. 17) shows that the judgment was rendered against this defendant for $1,651.00, being the alleged value of the two articles of jewelry in controversy as shown by preceding assignments."

No testimony whatever is stated or quoted in support of the assignment "that said instruction and said verdict is contrary to the undisputed evidence in the case." To determine whether or not that assertion is true, we would have to examine all the evidence contained in the statement of facts. This, since it cannot be said that the error claimed is not one "apparent upon the face of the record," we are not required to do. That the error is not fundamental or "apparent upon the face of the record" is clearly affirmed by the holding of the Supreme Court in Houston Oil Co. v. Kimball, supra, and a number of other cases which might be cited. We regard the rules and decisions of this state as binding upon us, in reference to briefing of cases, especially where a consideration of them is objected to on that ground, no matter how much disposed we might be to waive a noncompliance with them. The assignment cannot be considered.

[15, 16] The last assignment of error, which is submitted as a proposition, is that—

"The court committed error in refusing to grant defendant a new trial for the reasons set forth in paragraphs 11 and 12 of defendant's amended motion for a new trial."

Appellee objects to a consideration of this assignment: (1) Because the same is insufficient to call the court's attention to any proposition of law, and because the first proposition thereunder is not itself a prop-

osition; (2) because said assignment and propositions thereunder are not supported by any statement showing that allegations in paragraphs 11 and 12 of defendant's motion for new trial are true or that the court heard any testimony in support of such allegations, nor is any such evidence presented in the record. The presumption therefore is that such testimony, if any, as was presented on the issues, if any, attempted to be raised on said grounds of the motion, was such as to justify the court in overruling the same. Clearly, the objections are well taken and are therefore sustained.

The judgment of the court below is affirmed.