BURK v. BURK.   (No. 6183.)

(Court of Civil Appeals of Texas.   San Antonio.
Feb. 26, 1919.)

APPEAL AND ERROR ☞753(2)—APPEAL FROM
ADVERSE DECREE—RECORD.

Where no assignments of error are brought up in the record, there is nothing upon which to base a brief; and, where the record fails to show that motion for new trial was filed, judgment will be affirmed.

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Divorce suit by Joe Burk against Emily Burk.   Divorce denied, and plaintiff appeals. Affirmed.

L. Broeter, of Alice, for appellant.

FLY, C. J.   Appellant sought to obtain a divorce from the appellee, his wife, which was denied him by the court.

The record fails to show that a motion for new trial was filed, and no assignments of error are brought up in the record.   Where appellant secured the assignments which appear in his brief is not disclosed.   In the absence of assignments of error, there is nothing upon which to base a brief.

The judgment will be affirmed.

———

JANSEN v. MITCHELL.   (No. 2073.)

(Court of Civil Appeals of Texas.   Texarkana.
Feb. 20, 1919.   Rehearing Denied
Feb. 27, 1919.)

1. JUDGMENT ☞707 — ESTOPPEL BY JUDGMENT—BINDING FORCE ON ONE NOT PARTY.

A judgment rendered in a proceeding to which the present plaintiff was not a party is not binding on him by way of estoppel.

2. BROKERS ☞61(2) — RIGHT TO COMMISSION —EXCUSE FOR FAILURE TO CONVEY.

Fact that one who engaged a realty broker to sell land owned only a half interest was no justification for his failure to convey title, excusing his refusal to pay commission to the broker who procured a purchaser; he having stated at the time the broker was engaged that his title was good.

Appeal from Titus County Court; C. E. Bryson, Special Judge.

Action by A. S. Mitchell against H. A. Jansen.   From judgment for plaintiff, defendant appeals.   Affirmed.

S. F. Caldwell, of Mt. Pleasant, for appellant.

S. P. Pounders, of Mt. Pleasant, for appellee.

HODGES, J.   The appellee, a real estate agent, sued and recovered a judgment against appellant for the sum of $220 as commissions on the sale of a tract of land.   The facts show that the appellant resided in another state, and that he had an interest in a tract of land in Titus county, where the appellee was engaged in the real estate business.   A correspondence took place between the parties which induced the appellee to undertake the sale of a specified tract upon terms furnished.   He found a purchaser willing, ready, and able to take the land upon the terms proposed by the appellant; but the sale was not completed, because of conditions for which the appellant was responsible.

[1, 2] We think the demurrers to the plaintiff's amended original petition were properly overruled.   While the averments therein might have been more specific and more in accord with the rules of pleading, the petition was not fatally defective.   The correspondence relied on by the appellee to constitute a contract of employment was clearly sufficient.   The judgment pleaded by the appellant as an estoppel against the appellee was not binding on the latter, as he was not a party to that proceeding.   The fact that the appellant owned only a half interest in the land was no defense for his failure to convey the title, as he had stated at the time appellee was engaged that his title was good.   He must have known that his representations would be relied on.

The judgment is affirmed.