ÆTNA ACCIDENT & LIABILITY CO. v. TRUSTEES OF FIRST CHRISTIAN CHURCH OF PARIS. (No. 2179.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 15, 1920.)

1. APPEAL AND ERROR ⬳281(1), 719(1)—FAILURE TO MOVE FOR NEW TRIAL AND TO FILE ASSIGNMENTS OF ERROR LIMITS REVIEW TO ERROR OF LAW APPARENT ON FACE OF RECORD.

Where appellant not only did not file a motion for a new trial, but also failed to file assignments of error in the trial court as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1612, 2113, appellant was not entitled to complain of the judgment except for error "in law apparent on the face of the record," under article 1607.

2. APPEAL AND ERROR ⬳843(4)—QUESTION WHETHER OVERRULING EXCEPTION TO PETITION WAS ERROR UNNECESSARY WHERE IF ERROR IT WAS HARMLESS.

It is unnecessary to determine whether the trial court erred in overruling a special exception to appellee's petition on the ground of indefiniteness, where, if held error, it must be treated as harmless within rule 62a (149 S. W. x).

3. APPEAL AND ERROR ⊙⇒281(1), 719(1)—ERROR DISCOVERABLE ONLY BY REVIEWING ENTIRE FACTS NOT ERROR "APPARENT ON FACE OF RECORD."

Whether a complaint as to specified findings is without evidence to support it is well founded or not requires a careful reading of the entire statement of facts, and where the existence of error is discoverable only in that way it is not error "apparent on the face of the record" within the meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 1607.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Apparent on the Face of the Record.]

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Suit by the Trustees of the First Christian Church of Paris against the Ætna Accident & Liability Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

The trustees of the First Christian Church of Paris, Tex., entered into a contract with one Varner whereby the latter undertook, for a sum specified to be paid to him by the former, to furnish the material necessary and to construct and complete a church building on a certain lot in the city of Paris. To secure the performance by him of his undertaking, Varner, and appellant as his surety, made and delivered to said trustees a bond in the sum of $19,000. Varner having failed to complete the building as he had agreed he would, the trustees, as authorized by the contract, completed it at a cost, they claimed, of $6,542.50 in excess of the sum they had agreed to pay Varner to construct and complete it. The suit was by said trustees against appellant as the surety on said bond to recover said sum of $6,542.50, interest and attorney's fees stipulated for in the bond. In their petition appellees alleged, as a reason why they did not sue Varner also, that he was a nonresident of the state and insolvent. The trial was to the court without a jury. The appeal is from a judgment in appellee's favor for $7,377.34.

H. E. Spafford, of Dallas, and J. S. Patrick, of Paris, for appellant.

Tom L. Beauchamp and Moore & Hardison, all of Paris, for appellees.

WILLSON, C. J. (after stating the facts as above). [1-3] Appellant not only did not file a motion for a new trial in the court below, but also failed to file assignments of error in that court as required by the statute (Vernon's Statutes, art. 1612; and see article 2113). Therefore it is not entitled to complain here of the judgment except for error "in law * * * apparent on the face of the record." Vernon's Statutes, art. 1607; Burk v. Burk, 209 S. W. 495; McCollum v. Adams, 110 S. W. 526; Deutschmann v. Ryan,

148 S. W. 1140; Ludtke v. Smith, 186 S. W. 266; Hassell v. Rose, 199 S. W. 845.

In its brief appellant points out as such error: First, the action of the court below in overruling the special exception to appellee's petition on the ground that it was "indefinite and uncertain," in that it did not appear from the allegations therein how much of the sum paid out by them to complete the building was for labor and how much was for material; and, second, the action of the court in finding that Varner was a nonresident of the state and insolvent. We will not undertake to determine whether the act of the trial court in overruling the exception was such error or not; for, if we should conclude it was, we would treat the error as harmless within rule 62a for the government of Courts of Civil Appeals (149 S. W. x), because, in view of the record, it did not amount "to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." The ground of the complaint as to the finding specified is that it was without evidence to support it. To determine whether the complaint is well founded or not, this court would have to carefully read the entire statement of facts. We think error is not "apparent on the face of the record" within the meaning of the statute (Vernon's Statutes, art. 1607), when its existence is discoverable only in that way. Brown v. Greenspun, 200 S. W. 174; Hendricks v. Blount-Decker Lumber Co., 200 S. W. 171; Zmek v. Dryer, 174 S. W. 659; Ry. Co. v. Roberts, 194 S. W. 218; Hassell v. Rose, 199 S. W. 845; Barkley v. Gibbs, 203 S. W. 161; Ins. Co. v. Harless, 210 S. W. 307.

The judgment is affirmed.