### STEWART v. POINBŒUF et al.
### (No. 2448.)

(Court of Civil Appeals of Texas. Amarillo. March 18, 1925.)

**1. Appeal and error ☾⟶544(1) — Refusal of continuance, not presented by proper bill of exceptions, not considered on appeal.**

Overruling application for continuance, which failed to comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 1918, not presented by proper bill of exceptions, as required by district and county court rule 55, in view of rule 70, will not be considered on appeal.

**2. Witnesses ☾⟶159(5)—Party to transaction with deceased person cannot testify as to terms of deed executed therein.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, party to transaction with deceased person cannot testify as to amount of land conveyed by deed executed by deceased person in such transaction.

**3. Action ☾⟶57(2) — Refusal to consolidate suit with another case against present defendant and another, not party to present suit, not error.**

Refusal to consolidate suit, in nature of bill of review to set aside former order of dismissal, with another case against present defendant and another, not party in present suit, was not error, in absence of showing of injury to complaining party.

**4. Appeal and error ☾⟶964—Determination of trial court as to consolidation of causes not reviewed, except for abuse of discretion.**

Determination of trial court as to consolidation of causes will not be reviewed, except for abuse of discretion to injury of complaining party.

**5. Dismissal and nonsuit ☾⟶81(7)—Petition in nature of bill of review to set aside former order of dismissal held sufficient on general demurrer.**

Allegations of petition in nature of bill of review to set aside former order of dismissal held sufficient as against general demurrer.

**6. Appeal and error ☾⟶742(1)—Propositions in appellant's brief, not followed by statement of facts from record, present no question for consideration.**

Propositions in appellant's brief, not followed by statement of facts from record, as required by rule 31 for briefing, present no question for consideration on appeal.

Appeal from District Court, Archer County; H. R. Wilson, Judge.

Suit by Mrs. E. S. Poinbœuf, administratrix of the estate of Laura Stewart Hardy, deceased, and another, against C. B. Stewart. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. E. Forgy, of Archer City, and Fitzgerald & Hatchitt, of Wichita Falls, for appellant.

Moody & Boyles, of Houston, for appellees.

HALL, C. J. This proceeding was instituted July 19, 1920, in the district court of Archer county, by the appellee, Mrs. Poinbœuf, who has since married L. B. Moody, against the appellant, C. B. Stewart. Joined pro forma by her husband, Mrs. Moody filed her first amended original petition on September 15, 1923, alleging that on October 7, 1914, her name was Elizabeth Stewart Poinbœuf; that she was the administratrix of the estate of Laura Stewart Hardy, deceased, and at that time filed suit numbered 1109 in said court against the defendant, C. B. Stewart, to recover several tracts of land described in her petition; that said defendant was represented by W. N. Foster in that case, who prepared an answer and mailed the same to W. E. Forgy, an attorney at Archer City, who was also employed to represent defendant in said suit; that prior to the institution of suit No. 1109 the plaintiff, now Mrs. Moody, had offered the will of Mrs. Hardy for probate in Harris county, and had been appointed temporary administratrix of the estate; that the probate of said will was contested, but was admitted to probate both by the county court and district court of Harris county, and had been appealed to the Court of Civil Appeals; that said last-named court had sent the case to the Supreme Court upon certified questions; that after the Supreme Court had answered the certified questions, but before any decision had been rendered by the Court of Civil Appeals in said cause, plaintiff compromised the matters in controversy with the contestants of said will, and the appeal from the judgment of the district court probating the will was dismissed.

Whereupon Mrs. Moody duly qualified as permanent administratrix of said estate.

She further alleged that her attorneys, who represented her in the probate proceedings, had a definite agreement with W. N. Foster, leading counsel for the defendant in said cause No. 1109, to the effect that all ancillary suits affecting said estate, including cause No. 1109, should be continued from term to term, during the pendency of the action for probate of the will, unless the defendant should later decide to press the suit in the meantime, and, in the event he should so decide, he would advise plaintiff's counsel of such intention in ample time in advance of the term of the court in Archer county, and that it would not be necessary to have an agreement for a continuance at each term of the court. She further alleges that on October 13, 1916, said cause No. 1109 was continued without prejudice to the defendant's plea of privilege, and that the cause stood continued upon the docket under said agreement until March 30, 1920, when it was dismissed for want of prosecution upon motion of defendant's attorney, Forgy, of which motion plaintiff's attorneys had no notice until the 23d day of May, 1920, when they were notified by the clerk of the district court that said cause had been dismissed on the 30th day of March; that they immediately took the matter up by phone and correspondence with defendant's attorney, Foster, who resided at Conroe, and was informed by said Foster that he had no knowledge of the dismissal of the case, and that he would take the matter up with his client, C. B. Stewart. She further alleges that Foster failed to hear from defendant, and later, on account of sickness, went to San Francisco, Cal.

Plaintiff alleges that she has a meritorious cause of action, as set up in her petition in said cause No. 1109, and that neither she nor her attorneys have been negligent in prosecuting said cause, and she prays that the order dismissing said suit be set aside, and that she have judgment against the defendant for the title and possession of the land as prayed for in her original petition in said cause No. 1109. She pleaded, in the alternative, a statutory action of trespass to try title, and further alleged that on the 2d day of May, 1912, Laura Stewart Hardy executed and delivered to C. B. Stewart a deed to one tract of land out of the C. B. Stewart survey in Montgomery county, Tex., describing said land by metes and bounds; that in the preparation of said deed a printed form was used, and that after the description of the one tract of land there remained a blank space, in which the defendant fraudulently inserted five other tracts of land after said deed had been executed and returned to him; that, because of such fraudulent alteration, said deed is a forgery; that Stewart then retained the deed in his possession unrecord-

ed until after the death of Mrs. Hardy on May 14, 1914, and immediately thereafter recorded said deed in Montgomery county and in Archer county.

By agreement the case was set for trial in the district court of Archer county for October 3, 1924. On that day defendant answered by general demurrer and general denial, and filed his first application for continuance, which was granted. Upon the adjournment of that term of the court, the presiding judge made an order for a special term. This case was set for trial on October 29th of such special term. On that date the defendant filed a plea in abatement, alleging that after the filing of this suit plaintiffs had filed another suit against him and one J. M. Bloodworth, to recover the same premises. The plea in abatement was overruled. Whereupon defendant moved to consolidate this case with the suit subsequently filed against him, to which Bloodworth was also a party defendant. This motion was also overruled. Thereupon the defendant filed his application for a continuance. The plaintiff contested the application, and the continuance was denied.

The defendant then filed his first amended original answer, consisting of a general demurrer, a special exception to that portion of the plaintiff's amended petition which sought to set aside the judgment in cause No. 1109, a general denial, pleas of not guilty, and the four-year statute of limitations. Upon a trial before the court, without a jury, judgment was rendered, setting aside the former order dismissing cause No. 1109, and reciting that the deed in question, at the time of its execution, contained only the first tract of land described therein, and that the other five tracts were fraudulently inserted by the defendant after it had been executed and delivered to him. It is decreed that the plaintiff recover the title and possession of said five tracts.

[1] The appellant insists that the court erred in overruling his application for continuance, which was asked because of his inability to attend the trial. It is the second application, and states that he is not able to attend the trial on account of the serious illness of his father, and it fails to comply with the requirements of V. S. C. S. art. 1918. Appellant has not presented this action of the court here, based upon a proper bill of exception, and, if it could be held that the court erred in overruling the application, we could not consider the error without a bill of exceptions. The argument and statement under this proposition contains no reference whatever to the record, as required by rule 31. Rule 55 for the district and county courts requires that rulings of the trial court upon applications for continuance must be preserved by bill of exceptions, signed by the judge, and filed by the clerk; and rule 70 provides that the ruling of the court upon

such applications shall be considered as acquiesced in, unless presented by bill of exception. T. & P. Ry. Co. v. Mallon, 65 Tex. 117; Cranfill v. Fidelity & Deposit Co. (Tex. Civ. App.) 143 S. W. 233.

[2] It further appears, from an inspection of the application, that the presence of defendant was desired in order that he might testify that he had prepared the deed in question, and was present at the time it was executed by Mrs. Hardy, and that it contained all the tracts of land therein described. He could not have testified to these facts, if present, because they were transactions with a party who has since died. Such testimony is prohibited by V. S. C. S. art. 3690; Parks v. Caudle, 58 Tex. 222; Howard v. Zimpelman (Tex. Sup.) 14 S. W. 60.

[3, 4] The appellant insists that the court erred in not consolidating this proceeding with the suit subsequently filed against him and Bloodworth, No. 1549 on the court's docket. Consolidation of causes is a matter largely within the sound discretion of the trial judge, and his action will not be reviewed, unless it is shown that his discretion has been abused, to the injury of the complaining party. No injury is shown here. This action is one in the nature of a bill of review, to set aside a former order of dismissal, and reinstate cause No. 1109. Bloodworth is not a party to this proceeding, and no reason is shown why it should have been consolidated with the case in which he was defendant.

[5] A careful perusal of the amended petition in this case convinces us that it contains sufficient allegations to entitle plaintiffs to the relief sought. We may infer from the record that the attorney, Forgy, had no knowledge of the agreement between plaintiff's counsel and defendant's leading counsel, Foster, for an indefinite postponement pending the decision by the higher courts of the will contest; but the trial court found that there was such an agreement, and the testimony supports the finding, without contradiction. The evidence further shows that plaintiff's counsel relied upon the agreement with Foster to continue this case from term to term, and that he was fully warranted in doing so. It is true that the petition does not allege fraud or mistake in verbis, but the effect of the allegations is to show that the action was dismissed through mistake of the trial judge and Forgy. Under all the facts, it cannot be successfully asserted that plaintiffs or their attorneys were negligent in any degree.

The court did not err in holding that Mrs. Moody could maintain the action in the capacity of administratrix. She had been duly appointed, and letters of administration had been issued to her, and were in effect at the time she filed her amended petition and, when the case was tried. The statute of four years limitation has no application to a proceeding of this kind, under the facts disclosed by the record. It appears that, as soon as plaintiff's counsel learned that his case had been dismissed, he immediately endeavored to obtain its reinstatement by an agreement with Foster, and it may be reasonably inferred that the appellant objected to such a course, for which cause Foster withdrew from the case. Failing to get it reinstated by agreement, this action was promptly filed within a few months thereafter.

[6] There are several other propositions in appellant's brief, but neither of them is followed by any statement of facts from the record, as required by rule 31 for briefing, and they therefore present no question for consideration. The matters complained of therein do not show fundamental errors, and they are disregarded. McFarland v. Burkburnett-Harris Oil Co. (Tex. Civ. App.) 228 S. W. 571; General B. & C. Co. v. Harless (Tex. Civ. App.) 210 S. W. 307; Id. (Tex. Com. App.) 228 S. W. 124; Lange v. Lawrence (Tex. Civ. App.) 259 S. W. 261.

The judgment is affirmed.