## WARREN et al. v. HELMS.  (No. 1258.)

(Court of Civil Appeals of Texas. Beaumont. June 6, 1925.)

**1. Appeal and error ⬁742(6)—Abstract and general assignments and propositions not considered.**

In trespass to try title, assignments of error and propositions complaining of court's refusal to adjust equities, which are abstract and very general, and supported by no statement showing any equities to be adjusted, are not in compliance with rule 31 of Court of Civil Appeals, and will not be considered.

**2. Courts ⬁472(4)—Probate court, in which administration pending, proper tribunal for adjustment of equities in disputed land as between wife's heirs and husband's administrator.**

Where plaintiffs in trespass to try title against administrator, who were heirs of deceased wife of defendant's intestate, claimed certain equities against property which was found to be intestate's separate property, probate court, in which administration is still pending, held proper tribunal for adjustment of such equities.

Error from District Court, Kaufman County; Joel R. Bond, Judge.

Action in trespass to try title by Mrs. Mattie Pearl Warren and others against Paul M. Helms. From a judgment granting them insufficient relief, plaintiffs bring error. Affirmed.

Wynne & Wynne, of Kaufman, for plaintiffs in error.

Bumpass & Wade, of Terrell, for defendant in error.

HIGHTOWER, C. J. The plaintiffs in error Mattie Pearl Warren and a number of others filed this suit in the district court of Kaufman county against the defendant in error, Paul M. Helms, as administrator of the estate of P. B. Harmon, deceased, in trespass to try title to four different tracts of land in Kaufman and Hunt counties.

Defendant in error answered that he was the administrator of the estate of P. B. Harmon, deceased, and that as such administrator he was in possession of all the property claimed by plaintiffs, and was entitled to such possession as such administrator, that P. B. Harmon, deceased, owed, at the time of his death, about $20,000, and that, for the purpose of paying these debts, he, as administrator, had filed an application in the probate court of Kaufman county to sell the property sued for, and that all matters and things in controversy in this suit can be and should be heard and adjudicated in the probate court, where the administration was pending at the time this suit was commenced and is still pending. Defendant in error further alleged that the first tract of land described in the plaintiffs' petition was purchased by his decedent at the time he was a single man, and was owned by him at the time he married the mother and grandmother of the plaintiffs, in whose right they claim, and that such property was the separate property of P. B. Harmon; that the second tract was also the separate property of P. B. Harmon, and that the fourth tract was the separate property of P. B. Harmon, it having been inherited by him from his parents; that the third tract was unimproved land, but was community property between P. B. Harmon and the ancestor of plaintiffs, but that same was improved after the death of plaintiffs' ancestor; that P. B. Harmon married the ancestor of plaintiffs in 1883, and that she died more than 15 years before the filing of the answer, and that all of the property, real and personal of P. B. Harmon, was liable for his debts, and that while he was a widower in 1920, he executed a deed of trust on part of the property described in plaintiffs' petition to secure a note of $8,000 in favor of the First State Bank of Terrell, and that there was due to said bank another claim of more than $9,000, each of which claims had been presented to defendant as administrator of the estate of said P. B. Harmon, and that each of such claims had been allowed by him; that by reason of the deed of trust, the First State Bank of Terrell had a valid and subsisting lien upon all the lands sued for, and was entitled to have the estate of P. B. Harmon administered upon, and to have the land sold in satisfaction of his debts. The defendant in error prayed that he have judgment quieting his title, and that, in the event it should be determined that the plaintiffs had any interest in the 30-acre tract of community property, such interest be charged with the improvements

thereon, and that the deed of trust be declared a valid and subsisting lien, and that all the property in the possession of the administrator be declared subject to the administration and payment of the debts of the said P. B. Harmon.

By supplemental petition, plaintiffs in error denied the allegations of indebtedness of the said P. B. Harmon, as contained in the defendant in error's answer, and denied that any of the land sued for was the separate property of P. B. Harmon. Plaintiffs in error then alleged that, while some of the property was purchased before Harmon's marriage to their ancestor, it was paid for with community funds belonging to himself and the ancestor of plaintiffs, and was improved with community funds, and that such separate property should be charged with the sums of money paid from the community funds, and that each party should have judgment as their interest might appear regarding the lands sued for, and that they be partitioned, and that the equities between the parties be adjusted, and for general relief.

A jury was taken in the case, but, on the conclusion of all the testimony, the court discharged the jury and entered judgment in favor of the plaintiffs in error for a one-half undivided interest in the 30-acre tract of community property, but denied them any recovery as to the other tracts of land sued for by them, and adjudged and decreed that as to the other tracts of land they take nothing, and that the defendant administrator be quieted in his possession as to such tracts, as well as to a one-half undivided interest in the 30-acre tract. The court refused to adjust any equities as between the parties, as claimed by the plaintiffs in error, holding and expressly reciting in the judgment that the probate court of Kaufman county, in which the administration of the estate of P. B. Harmon was pending, was the proper court to adjust such equities as the plaintiffs in error had. From this judgment this appeal was prosecuted.

Plaintiffs in error advance, for reversal of the judgment, six assignments of error, under which they submit as many general abstract propositions. Stated succinctly, plaintiffs in error's contention, under all these assignments and propositions, is that the trial court was in error in refusing to adjust the equities between the parties as claimed in their petition.

In the judgment rendered in this case, the trial court expressly found that all the land sued for by the plaintiffs in error, except the 30-acre tract above mentioned, was the separate property of P. B. Harmon, deceased, and it is stated in the judgment that such finding is made upon the uncontroverted evidence, and there is no assignment of error in this record attacking such finding, nor is there any contention by plaintiffs in error that such claims of indebtedness had been presented to the administrator and by him allowed under the orders of the probate court.

[1] Defendants in error strenuously object to this court considering any of the assignments of error and propositions advanced by plaintiffs in error in their brief, for the reason that such assignments and propositions are mere general abstract propositions of law, and that under none of them have the plaintiffs in error made any statement from the record of any fact showing that they had any equities against any of the property in controversy that should have been adjusted, and that therefore none of such assignments and propositions point out any error in the trial court's judgment. We have concluded that we should sustain these objections of defendant in error. As we have above stated, all the assignments and propositions are merely in the abstract and very general, and there is not a single fact stated under any of them from the record, showing or tending to show that plaintiffs in error had any equities to be adjusted against any of the property involved in this suit, and therefore they have wholly failed to comply with rule 31 of this court in the briefing of causes, and none of their assignments or propositions point out any error committed by the trial court. Such method of briefing causes is not only in violation of the rule, but throws upon the appellee or defendant in error in the appellate court the burden of pointing out the correctness of the trial court's judgment, whereas the burden rests upon the plaintiff in error or appellant to point out errors in the trial court's judgment. McFarland v. Burkburnett-Harris Oil Co. (Tex. Civ. App.) 228 S. W. 571; General B. C. Co. v. Harless (Tex. Civ. App.) 210 S. W. 307; Id., by the Supreme Court, 228 S. W. 124; Lange v. Lawrence (Tex. Civ. App.) 259 S. W. 261; Stewart v. Poinboeuf (Tex. Civ. App.) 270 S. W. 885.

[2] We are further of the opinion that, even if the assignments and propositions advanced by plaintiffs in error had been accompanied by proper statements from the record, so as to entitle them to consideration, that nevertheless, the trial court, if he found the facts to be as alleged in the answer of the administrator in this case, which he presumably did, was correct in holding that the probate court, in which the administration was and is still pending, was the proper tribunal for the adjustment of such equities, if any, as the plaintiffs in error might have touching the property involved. It may be that, accurately speaking, it could not be said that the district court would not have jurisdiction to adjust such equities, if any, but we think that the better and more orderly practice upon such state of facts would be to have such equities adjusted in the probate court.

The judgment of the trial court is affirmed.