**R. K. ERWIN & CO. v. A. S. ENGLAND & CO., Inc. (No. 1257.)**

(Court of Civil Appeals of Texas. Beaumont. June 25, 1925. Rehearing Denied July 1, 1925.)

Appeal and error ⟜742(1)—Propositions not accompanied by statement indicating error will not be reviewed.

Where propositions in appellants' brief are not accompanied by proper statement indicating error, they will not be reviewed.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action between R. K. Erwin & Co. and A. S. England & Co., Inc. From an adverse judgment, the former appeals. Affirmed.

Tom Whipple and Farrar & Kemble, all of Waxahachie, for appellant.

C. M. Supple and F. L. Wilson, both of Waxahachie, for appellee.

WALKER, J. In this case there is a statement of facts of 130 pages and a transcript of 60 pages. Appellants have brought forward in their brief 8 assignments of error, covering 8 pages of their brief, under which they advance 8 propositions, covering 7 pages of their brief. The first 8 pages of the brief are taken in giving a brief statement of the pleadings of the case and the result of the suit. From this immense record, in support of their propositions and assignments of error, appellants have made the following statement:

"Appellant submitted his exceptions in writing to the court, charge as shown in transcript page 39, and these several exceptions having been presented to the court as propositions, we shall not again restate them.

"Appellant also in his second amended motion for a new trial presented to the court the errors complained of, as shown on transcript page 50, and we deem it unnecessary to reiterate them.

"Under the first proposition, that the verdict of the jury is not supported by the evidence, it is next to impossible to point out all of the difference in the testimony in order to show the court just at what particular point the evidence does not support the verdict.

"In other words the jury seemed to find that plaintiff was negligent in selling the other, and was at least liable in damages for the amount they allow, but if the plaintiff was negligent at all, defendant was entitled to all the damages claimed, and the converse of this proposition would be true if the jury found from the evidence the plaintiff was negligent in the sale, and, in that event, plaintiff would be entitled to a judgment for the full amount claimed, and defendant would not be entitled to anything.

"The matters complained of in appellant's first assignment, and in first proposition were and are fully set out in appellant's second amended motion for a new trial, transcript pages 51 and 52, paragraphs 1 to 6 inclusive.

"A portion of the charge complained of and quoted in the assignment of error and in second proposition thereunder is shown on transcript page 31, paragraph 6 of the court's charge.

"That portion of the charge complained of under third proposition is shown on transcript page 52, top of page, it being a part of paragraph 7 of the court's main charge.

"Paragraph 1 and 2 mentioned in fourth proposition are found on transcript page 7.

"That portion of the court's charge mentioned in the sixth proposition is found on page 30, section 6 of the transcript.

"See testimony of R. K. Erwin, statement of facts page 110, referring to instructions with reference to the sale of cotton."

This court is utterly unable to review any assignment or proposition advanced by appellants upon the statement made by them. In fact, they have made no statement at all, and there is no way by which we could review their propositions without, on our own motion, examining the record for the facts upon which they rely to reverse this case. This we most respectfully decline to do.

Under the exceptions of appellee to appellants' brief, the judgment of the trial court is in all things affirmed. Stewart v. Poinbœuf (Tex. Civ. App.) 270 S. W. 885.